UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

BERNARD GIBSON, SR., a/k/a Bernard
Willis,
           *Defendant-Appellant.*

No. 96-4369

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

MARSTON EDWARD BLUE,
           *Defendant-Appellant.*

No. 96-4459

On Remand from the United States Supreme Court.
(S. Ct. Nos. 99-7351 and 99-6775)

Submitted: August 14, 2001

Decided: September 6, 2001

Before WILKINS, MICHAEL, and WILLIAMS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

## COUNSEL

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A., Baltimore, Maryland, for Appellant Gibson; G. Alan DuBois, Assis-

tant Federal Public Defender, Raleigh, North Carolina, for Appellant Blue. Stephen M. Schenning, United States Attorney, Jan Paul Miller, Assistant United States Attorney, Sandra Wilkinson, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

This case is on remand from the United States Supreme Court for further consideration in light of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). The Court decided *Apprendi* after we affirmed Bernard Gibson, Sr.'s, and Marston Edward Blue's convictions and sentences. *United States v. Gibson*, No. 96-4227(L) (4th Cir. July 27, 2000) (unpublished), *vacated*, 531 U.S. 801 (2001). After reviewing Gibson's and Blue's sentences for plain error in light of *Apprendi*, we affirm in part, vacate in part, and remand for resentencing. *See United States v. Promise*, 255 F.3d 150, 154 (4th Cir. 2001) (en banc) (discussing plain error standard of review).

A jury convicted Gibson and Blue of conspiracy to distribute heroin and cocaine, in violation of 21 U.S.C.A. § 846 (West 1999). Blue also was convicted of possession with intent to distribute heroin, in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2001); being a felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000); and using or carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C.A. § 924(c) (West 2000). The district court sentenced Gibson and Blue to mandatory life sentences on the conspiracy count. Blue also received concurrent life and fifteen-year sentences on the possession

with intent to distribute and felon-in possession counts, respectively, and a consecutive sixty-month sentence for the § 924(c) offense.[1]

Gibson and Blue contend on remand that their life sentences are invalid after *Apprendi* because the district court, rather than the jury, determined the drug amount and prior felonies supporting the enhanced sentences. In applying *Apprendi* to drug offenses in §§ 841 and 846, we recently held that "the specific threshold [drug] quantity must be treated as an element of an aggravated drug trafficking offense, *i.e.*, charged in the indictment and proved to the jury beyond a reasonable doubt." *Promise*, 255 F.3d at 156-57 (footnotes omitted). Here, drug quantity was not charged in the indictment or submitted to the jury. We therefore find that there was error and that the error was plain. *Id.* at 156-57, 160.

Because Gibson's mandatory life sentence exceeded the thirty-year statutory maximum for offenses under 21 U.S.C.A. § 841(b)(1)(C), involving an unspecified amount of drugs where the defendant had a prior conviction for a felony drug offense, we hold that the error in Gibson's sentence affected his substantial rights, *id.* at 160, and that Gibson "can demonstrate that [his] sentence is 'longer than that to which he would otherwise be subject.'" *United States v. Cotton*, ___ F.3d ___, slip op. at 8 (4th Cir. Aug. 10, 2001) (quoting *United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001) (en banc)). We also hold that Blue's substantial rights were affected because his mandatory life sentence on the conspiracy count and concurrent life sentence on the possession count exceeded the total statutory maximum prison term of sixty years for multiple convictions involving an unspecified amount of drugs where the defendant had a prior conviction for a felony drug offense. *Angle*, 254 F.3d at 518-19; *United States v. White*, 238 F.3d 537, 542-43 (4th Cir.), *cert. denied*, 121 S. Ct. 2235 (2001).

Having concluded that there is plain error that affected Gibson's and Blue's substantial rights, we exercise our discretion to notice the error. *Cotton*, slip op. at 8-13. The indictment charged Gibson and Blue with conspiring to distribute an unspecified quantity of drugs, *see* 21 U.S.C.A. § 841(b)(1)(C), but they "received a sentence for a

---

[1]Blue does not challenge on appeal the consecutive sixty-month sentence.

crime—an aggravated drug trafficking offense under section 841(b)(1)(A) [and (b)(1)(B)]—with which they were *neither* charged *nor* convicted." *Cotton*, slip op. at 9. Thus, we vacate Gibson's and Blue's mandatory life sentences on the conspiracy count and Blue's concurrent life sentence on the possession count and remand for resentencing consistent with *United States Sentencing Guidelines Manual* §§ 5G1.1(a), 5G1.2(d) and *White*, 238 F.3d at 543.

Next, Blue asserts that his fifteen-year mandatory minimum sentence as an armed career criminal under 18 U.S.C.A. § 924(e) (West 2000) violates *Apprendi* because the statutory maximum sentence for being a felon in possession of a firearm is ten years under 18 U.S.C.A. 924(a)(2) (West 2000).[2] *Apprendi* does not apply to Blue's enhanced sentence, however, because the application of § 924(e) is based upon his prior convictions, a factor that was specifically excluded from the holding of *Apprendi*. 530 U.S. at 490. Moreover, *Apprendi* expressly upheld *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) (holding that prior felony convictions are merely sentencing enhancements, rather than elements of the offense). *Apprendi*, 530 U.S. at 490; *see United States v. Skidmore*, 254 F.3d 635, 641-42 (7th Cir. 2001) (holding that *Apprendi* does not affect enhanced sentence under § 924(e)); *United States v. Dorris*, 236 F.3d 582, 586-88 (10th Cir. 2000) (same), *cert. denied*, 121 S. Ct. 1635 (2001); *United States v. Mack*, 229 F.3d 226, 235 n.12 (3d Cir. 2000) (same), *cert. denied*, 121 S. Ct. 2015 (2001). Although Blue attempts to distinguish *Almendarez-Torres*, we do not find his arguments persuasive. We therefore find no plain error in Blue's fifteen-year sentence on the felon-in-possession count. *See Promise*, 255 F.3d at 154 (stating standard of review).

Gibson and Blue also argue that, after *Apprendi*, § 841 is unconstitutional. This argument has been rejected by the Fifth, Sixth, Seventh, Tenth, and Eleventh Circuits. *United States v. Cernobyl*, ___ F.3d ___, 2001 WL 733406 (10th Cir. June 29, 2001); *United States v.*

---

[2]Although the Government argues that Blue has abandoned this claim and that Gibson and Blue have abandoned their challenge to the constitutionality of § 841 after *Apprendi*, we find that review of these issues is not foreclosed by the mandate rule. *See United States v. Bell*, 5 F.3d 64, 66-67 (4th Cir. 1993).

*Martinez*, 253 F.3d 251, 256 n.6 (6th Cir. 2001); *United States v. Fort*, 248 F.3d 475, 482-83 (5th Cir. 2001); *United States v. Brough*, 243 F.3d 1078, 1080 (7th Cir. 2001); *United States v. Candelario*, 240 F.3d 1300, 1311 n.16 (11th Cir.), *cert. denied*, 121 S. Ct. 2535 (2001). We find that Gibson and Blue are not entitled to relief on this claim.

Finally, Gibson raises two claims in his pro se supplemental brief, neither of which has merit. Contrary to his assertion that the indictment is fatally defective because it failed to charge an offense, our review of the superseding indictment leads us to conclude that it properly charged the offense of which Gibson was convicted. *Promise*, 255 F.3d at 160 (finding indictment sufficient where it charged defendant with conspiracy to possess with intent to distribute "a quantity of cocaine and cocaine base"). With regard to Gibson's claim that Count 1 of the superseding indictment is duplicitous because it charged conspiracy and sought criminal forfeiture of assets under 18 U.S.C.A. § 853 (West 2000), we rejected this claim in the initial appeal. Because this claim is not implicated by *Apprendi*, review is foreclosed by the mandate rule. *United States v. Bell*, 5 F.3d 64, 66-67 (4th Cir. 1993).

Accordingly, we vacate Gibson's and Blue's mandatory life sentences on the conspiracy count and Blue's concurrent life sentence on the possession count and remand for resentencing with instructions to sentence Gibson and Blue to a term of imprisonment not to exceed the thirty-year statutory maximum in § 841(b)(1)(C). We affirm the judgment in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*