UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

MARSTON EDWARD BLUE,
*Defendant-Appellant.*

No. 02-4975

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

BERNARD GIBSON,
*Defendant-Appellant.*

No. 02-4976

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-94-454-PJM)

Submitted: December 24, 2003

Decided: January 22, 2004

Before WILKINS, Chief Judge, and WILLIAMS and
MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A., Elkridge, Maryland; Jensen E. Barber, II, LAW OFFICE OF JENSEN E. BARBER, Washington, D.C., for Appellants. Thomas M. DiBiagio, United States Attorney, Sandra Wilkinson, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Bernard Gibson, Sr., and Marston Edward Blue appeal the life sentences imposed by the district court on resentencing for their convictions for conspiracy to distribute heroin and cocaine and for Blue's conviction for possession with intent to distribute heroin. They contend that the district court erred by failing to follow our mandate in *United States v. Gibson*, Nos. 96-4369, 96-4459, 2001 WL 1019343 (4th Cir. Sept. 6, 2001) (unpublished), *cert. denied*, 534 U.S. 1117 (2002). Finding no reversible error, we affirm.

In vacating Gibson's and Blue's sentences and remanding for resentencing, we relied on the panel decision in *United States v. Cotton*, 261 F.3d 397 (4th Cir. 2001), *rev'd*, 535 U.S. 625 (2002), in holding that their mandatory life sentences violated the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We found that the statutory maximum to which Gibson and Blue were subject on the conspiracy count and to which Blue was subject on the possession-with-intent-to-distribute count was thirty years, taking into account their qualifying prior felony convictions. *See* 21 U.S.C.A. § 841(b)(1)(C) (West Supp. 2003). We instructed the district court to resentence Gibson and Blue consistent with *U.S. Sentencing Guide-*

*lines Manual* §§ 5G1.1(a), 5G1.2(d), and *United States v. White*, 238 F.3d 537 (4th Cir. 2001). *See Gibson*, 2001 WL 1019343, at *2.

After our decision in *Gibson* but before resentencing, the Supreme Court issued its decision in *United States v. Cotton*, 535 U.S. 625 (2002), and reversed the panel decision on which we relied in *Gibson*. Applying the Supreme Court's decision in *Cotton*, the district court resentenced Gibson and Blue to life imprisonment on the conspiracy count and resentenced Blue to a concurrent term of life imprisonment on the possession-with-intent-to-distribute count. We find that the district court properly declined to follow our mandate in *Gibson* in light of the Supreme Court's intervening decision in *Cotton*. *See United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) (discussing law of the case doctrine and exceptions thereto).

Contrary to Gibson's and Blue's assertion on appeal, the Supreme Court's plain error analysis in *Cotton* applies to them. Neither Gibson nor Blue made an *Apprendi*-type argument at trial or during the original sentencing proceedings. *See Cotton*, 535 U.S. at 633 n.3 (noting that evidence of drug quantity was overwhelming and essentially uncontroverted where defendants objected to drug quantity used to establish base offense level but did not argue that conspiracy involved less than threshold amount to trigger enhanced penalty); *United States v. Mackins*, 315 F.3d 399, 406-07 (4th Cir.) (discussing objections that sufficiently preserve *Apprendi* claim for review), *cert. denied*, 123 S. Ct. 2099 (2003). Finally, our review of the record leads us to conclude that, although drug quantity was not charged in the indictment or submitted to the jury, the imposition of life sentences did not affect the fairness, integrity, or public reputation of judicial proceedings because the evidence of drug quantity in these cases was overwhelming and essentially uncontroverted. *See Cotton*, 535 U.S. at 632-33.

Accordingly, we affirm the district court's judgments. We grant Gibson's motion to file a pro se supplemental brief, but upon consideration of the claims asserted therein, we find them to be without merit. We deny Appellants' motion to hold this appeal in abeyance and deny as moot their motion to correct factual misstatements in the record. We also deny Gibson's motion to correct factual misstatements in the record. We dispense with oral argument because the facts

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*