In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2695

United States of America,

Plaintiff-Appellee,

v.

Jerome Brough,

Defendant-Appellant.


Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 98-CR-222--C.N. Clevert, Judge.


Argued March 2, 2001--Decided March 22, 2001


  Before Cudahy, Easterbrook, and Rovner, Circuit
Judges.

  Easterbrook, Circuit Judge.  After a bench trial,
Jerome Brough was convicted of conspiring to
distribute both heroin and crack cocaine, and he
was sentenced to life imprisonment. His main
appellate arguments arise from Apprendi v. New
Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000)--
oddly, because Apprendi principally concerns the
division of responsibility between judge and
jury, while Brough agreed that all issues in his
case would be resolved by a judge. But Apprendi
affects the burden of persuasion as well as the
identity of the decisionmaker, so it has
potential bearing even when the defendant has
waived his entitlement to decision by a jury.
  Brough's lead argument is that 21 U.S.C.
sec.841 is unconstitutional (and that all
conspiracy convictions under 21 U.S.C. sec.846
fail derivatively) because sec.841 does not
mention the burden of persuasion (or the
allocation of issues between judge and jury) and
does not identify sentencing considerations as
elements of the offense. Section 841(a),
captioned "Unlawful acts", provides:

Except as authorized by this subchapter, it shall
be unlawful for any person knowingly or
intentionally--(1) to manufacture, distribute, or
dispense, or possess with intent to manufacture,
distribute, or dispense, a controlled substance;

or (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

Then sec.841(b), captioned "Penalties", says that "any person who violates subsection (a) of this section shall be sentenced as follows" and lays out the minimum and maximum penalties for various types and quantities of drugs, with adjustments depending on whether the defendant has prior drug-related convictions and whether the activities caused death or serious injury. Until Apprendi we took Congress at its caption and held that only the elements specified in sec.841(a) need be proved beyond a reasonable doubt to the jury's satisfaction; the penalty provisions in sec.841(b) were to be administered by the sentencing judge under the preponderance standard. See United States v. Edwards, 105 F.3d 1179 (7th Cir. 1979), affirmed, 523 U.S. 511 (1998); United States v. Jackson, 207 F.3d 910 (7th Cir. 2000), remanded, 121 S. Ct. 376 (2000), decision on remand, 236 F.3d 886 (7th Cir. 2001). But United States v. Nance, 236 F.3d 820 (7th Cir. 2000), holds that Apprendi requires a different approach, and that all facts (other than prior convictions) that set the maximum possible punishment under sec.841(b) must be established beyond a reasonable doubt to the satisfaction of the same body that determines culpability under sec.841(a). See also, e.g. United States v. Patterson, No. 97-3159 (7th Cir. Mar. 2, 2001); United States v. Westmoreland, No. 99-1491 (7th Cir. Feb. 15, 2001), and the opinion on remand in Jackson. These constitutional requirements are external to sec.841. It follows, Brough believes, that sec.841 is unconstitutional and cannot support any criminal punishment, for courts are not supposed to rewrite criminal statutes and sec.841 cannot be severed to produce a constitutional rule.

Brough's argument is confused. Apprendi and Nance do not establish that anything in sec.841 is unconstitutional or require its severance. If Congress had specified that only judges may make the findings required by sec.841(b), or that these findings must be made by a preponderance of the evidence, then sec.841 would create a constitutional problem. But the statute does not say who makes the findings or which party bears what burden of persuasion. Instead the law attaches effects to facts, leaving it to the judiciary to sort out who determines the facts, under what burden. It makes no constitutional difference whether a single subsection covers both elements and penalties, whether these are divided across multiple subsections (as sec.841 does), or even whether they are scattered across

multiple statutes (see 18 U.S.C. sec.sec. 924(a), 1963). Apprendi holds that the due process clauses of the fifth and fourteenth amendments make the jury the right decisionmaker (unless the defendant elects a bench trial), and the reasonable-doubt standard the proper burden, when a fact raises the maximum lawful punishment. How statutes are drafted, or implemented, to fulfil that requirement is a subject to which the Constitution does not speak.

Once the maximum penalty has been established in a constitutional manner, the judge selects a punishment using the preponderance standard. See Edwards, 523 U.S. at 514-15. Thus we concluded in Talbott v. Indiana, 226 F.3d 866 (7th Cir. 2000), that if (for example) the indictment specifies that the drug was cocaine or heroin, then any penalty up to 20 years is lawful even if the jury does not find a particular quantity, because 20 years is the maximum under sec.841(b)(1)(C) for unlawfully distributing any detectable quantity of any Schedule I or II controlled substance. See also, e.g., Westmoreland, slip op. 27-28. Edwards and Talbott demonstrate, and we now hold, that there is no constitutional defect in the design of sec.841, and that there is no impediment to convictions under the statute as written. Accord, United States v. Candelario, 2001 U.S. App. Lexis 1524 (11th Cir. Feb. 5, 2001), at *28 n.16. Apprendi strongly affects how sec.841 is implemented; as we concluded in Nance and Westmoreland, a post-Apprendi indictment should specify, and the trier of fact must be instructed to determine, not only the elements of the offense, which appear in sec.841(a), but also the events listed in sec.841(b) on which the prosecutor relies to establish the maximum sentence. But even if the trier of fact does not find any particular drug or quantity, a convicted defendant still faces some penalty--if only the one year for distributing the least serious of the drugs on Schedule V. 21 U.S.C. sec.841(b)(3). See United States v. Norby, 225 F.3d 1053, 1058 (9th Cir. 2000). Brough cannot take advantage of that low maximum, however, because the indictment charged him with distributing not only more than 50 grams of crack cocaine but also more than one kilogram of heroin, each enough to authorize life in prison if proved beyond a reasonable doubt. 21 U.S.C. sec.841(b)(1)(A)(i), (iii).

The evidence was quite sufficient to show guilt beyond a reasonable doubt; we reject Brough's attack on the district judge's finding of culpability. But the judge, acting before Apprendi, found the kinds and quantities of drugs involved by a preponderance of the evidence rather than beyond a reasonable doubt. Brough did not ask the judge to do otherwise, so we must

decide whether the court's conclusion is plain error. See Nance, Westmoreland, Patterson, and the opinion on remand in Jackson. Brough's argument has some appeal, because when imposing sentence the judge expressed skepticism about the veracity of the witnesses whose testimony he credited; maybe the judge would find the drug-quantity evidence sufficient at the preponderance standard but not enough to suppress a reasonable doubt. Yet the same judge convicted Brough, on the testimony of these same witnesses, and concluded on the basis of evidence received at the sentencing hearing that Brough conspired to distribute at least 2,000 grams of crack cocaine, 40 times the amount that Congress deemed sufficient to support life imprisonment. Would a judge who thought that a preponderance of the evidence demonstrates distribution of 2,000 grams have thought that a much smaller quantity had not been established beyond a reasonable doubt? That is very unlikely, and for a simple reason. Agents seized 37 grams of crack at the end of this conspiracy, which lasted for four years. If 37 grams was in stock on a single day, is it conceivable that, during the remaining 1,460 days of the conspiracy, Brough and his confederates handled no more than 12 grams of crack in total? No, it is not conceivable. A judge willing to credit the evidence of the 37-gram seizure, and to find guilt beyond a reasonable doubt, would have been bound to determine beyond a reasonable doubt that the conspirators distributed at least an additional 13 grams of crack during the conspiracy's lifetime. That is enough to establish that a penalty under sec.841(b)(1)(A) is not plain error.

As for heroin: Because Brough's conviction for distributing cocaine is itself enough to authorize a sentence of life imprisonment, it is unnecessary to decide whether the evidence of heroin quantity is equally compelling. Even if the sentence for distributing heroin were cut down to the 20-year maximum authorized for a smidgen of that drug, see 21 U.S.C. sec.841(b)(1)(C), Brough's aggregate sentence would be unaffected, for the Sentencing Guidelines instruct the district judge to use the maximum available for the most serious count (and consecutive sentences if necessary) to achieve the total punishment appropriate to the convictions and all relevant conduct. U.S.S.G. sec.5G1.2. The concurrent sentence doctrine makes it unnecessary to consider the maximum term that could have been imposed for a conviction that does not augment the total punishment. Although the $100 special assessment means that a court must consider every challenge to the propriety of a conviction, see Ray v. United States, 481 U.S. 736 (1987), we have done this by holding that Brough's convictions are valid. There is no need

to go further and consider matters that do not affect the total sentencing package.

This conclusion also makes it unnecessary to rely on a possibility raised by the prosecutor at oral argument: that even 5 grams of crack suffice, because Brough has a prior conviction for a drug felony. In the district court the prosecutor gave notice of this conviction under 21 U.S.C. sec.851, and Apprendi does not overrule the holding of Almendarez-Torres v. United States, 523 U.S. 224 (1998), that penalty enhancements based on recidivism need not be established beyond a reasonable doubt. See 120 S. Ct. at 2362. The drugs seized, coupled with the conviction, expose Brough to life in prison. Bafflingly, the United States did not mention this in its brief on appeal, and Brough says that a recidivism enhancement therefore has been forfeited. Maybe so, but a defendant who forfeited his own contentions and must urge plain error is not in the best position to complain about the prosecutor's oversight. Brough's prior conviction reinforces our conclusion that no miscarriage of justice has occurred. Had Apprendi been decided before the district court imposed sentence, the effect of his prior conviction would have held center stage. A remand could not lead to a lower sentence.

Affirmed