**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Hagop DEMIRJIAN, Defendant–Appellant.**

No. 01–1531.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 7, 2001.

Decided Sept. 19, 2001.

Before FLAUM, Chief Judge, EASTERBROOK and KANNE, Circuit Judges.

### Order

Hagop Demirjian has been convicted of three serious drug offenses: possessing 100 kilograms of cocaine with intent to distribute, possessing 175 kilograms of cocaine with intent to distribute, and conspiring to distribute more than 275 kilograms of cocaine. He was sentenced to concurrent terms of 30 years' imprisonment. Like most drug sentences imposed before *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and exceeding 20 years (the default "minimum maximum" for distributing cocaine, see 21 U.S.C. § 841(b)(1)(C)), these present a serious constitutional question, because facts that determine the statutory maximum sentence were not found beyond a reasonable doubt. Nonetheless, Demirjian's counsel has filed a no-merit brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and a motion to withdraw, representing that he deems the appeal frivolous. Demirjian, notified of this, asked us to appoint another lawyer to represent him but did not identify any issue that he thought should have been presented but is not covered in the *Anders* brief.

Appellate counsel concludes that all potential issues have no chance of success,

and after an independent review we agree with this assessment (putting *Apprendi* aside for the moment). The evidence is overwhelming, the jury was entitled to disbelieve Demirjian's assertion that he had been coerced into distributing drugs, and any argument that the district judge abused his discretion in handling evidentiary rulings at trial would be frivolous. See *Delaware v. Van Arsdall,* 475 U.S. 673, 678–79, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).

■ That leaves sentencing. The district judge concluded that Demirjian was a "supervisor" of the organization, which added three offense levels to the Guidelines calculation. It is hard to see how a non-frivolous attack on this decision could be mounted, given the ample evidence of Demirjian's role in finding storage space for the drugs and coordinating their delivery, plus the deferential nature of appellate review. And since Demirjian went to trial denying culpability, and (the judge found) perjured himself in describing his activities to the jury, the judge certainly did not abuse his discretion in denying a request for a sentencing discount for acceptance of responsibility. See *United States v. Zehm,* 217 F.3d 506, 515–16 (7th Cir.2000). The district judge's decision that coercion did not justify a downward departure is reasoned, compatible with the jury's verdict, and invulnerable on appeal given the limits of appellate review of requests for departures. See *United States v. Franz,* 886 F.2d 973 (7th Cir.1989).

■ Only *Apprendi* holds out any prospect of relief. Demirjian did not raise in the district court any contention that the quantity of cocaine must be determined under the reasonable-doubt standard, so appellate review would be limited to a search for plain error. Fed.R.Crim.P. 52(b); *United States v. Nance,* 236 F.3d 820 (7th Cir.2000). That error occurred is

beyond doubt; that the error is "plain" in light of *Apprendi* is likewise certain; but whether Demirjian is entitled to any benefit is obscure, because the court has discretion to withhold relief unless the judgment as it stands creates an injustice. See *Johnson v. United States,* 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

■ At this point we must stop and ask whether it is appropriate to employ the *Anders* procedure when the district court has committed a clear error. Sometimes courts say that an *Anders* submission must be rejected if any non-frivolous *issue* could be advanced. If that is the standard, then Demirjian's case must proceed to briefing, because *Apprendi* affords him a non-frivolous issue. The alternative formulation asks whether the defendant has a non-frivolous *claim for upsetting the judgment.* The difference recognizes the existence of harmless-error and plain-error standards. Sometimes an error is plain, but the likelihood of altering the judgment as a result of this error is so low that the appeal itself must be called frivolous. Suppose the district judge had admitted a bit of hearsay at Demirjian's trial to the effect that Perkins told Jones that Demirjian has black hair. It is a mistake to admit hearsay but impossible to imagine the reversal of a criminal conviction on account of innocuous (and thus harmless) evidence. Just so with *Apprendi.* Sometimes an error in the burden of persuasion can be important. We have vacated several sentences under *Apprendi* after finding plain error. But sometimes reversal is inconceivable. This is one of those cases, and the rationale of the Supreme Court's latest case in the *Anders* sequence, *Smith v. Robbins,* 528 U.S. 259, 277–78, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000), persuades us that a court may deem an appeal frivolous even if it contains

a non-frivolous issue, provided that issue cannot lead to any change in the judgment that could benefit the appellant.

■ *Apprendi* holds that a sentence may not exceed a statutory maximum unless the circumstances that raise that cap are established, to the jury's satisfaction, beyond a reasonable doubt. The maximum sentence for distributing even a smidgen of cocaine or heroin is 20 years, see 21 U.S.C. § 841(b)(1)(C), so there is no *Apprendi* problem if the sentence for any given count is 20 years or less. *Talbott v. Indiana*, 226 F.3d 866 (7th Cir. 2000). Demirjian's was 360 months (30 years), so he has a bona fide *Apprendi* point. But it is only a talking point, because he was convicted on three counts. Nothing in *Apprendi* restricts the imposition of consecutive sentences. Thus the maximum Demirjian may receive, without *any* enhancement for quantity, is 60 years' imprisonment (three 20–year sentences, served consecutively). See *United States v. Brough*, 243 F.3d 1078, 1080–81 (7th Cir.2001); *United States v. Parolin*, 239 F.3d 922, 929–30 (7th Cir.2001). He received only half of that and therefore as a practical matter has nothing to gain from appeal, even if under the reasonable-doubt standard the jury would have found that Demirjian distributed no more than one gram of cocaine rather than the 275 kilograms charged. A judge still could have found a larger quantity, as he did, for purposes of the Sentencing Guidelines. See *Edwards v. United States*, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998); *United States v. Watts*, 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997).

None of this is to deny that *Apprendi* implies a different form of judgment: consecutive 10–year terms rather than concurrent 30–year terms. But from Demirjian's perspective that is no difference at all. Either way, it is 30 years in prison. Nor would the difference affect any ancillary issue, such as the special assessment or supervised release. Because parole no longer exists in the federal system, there is no risk that parole officials would see three concurrent 30–year sentences as more serious than three consecutive 10–year sentences. Demirjian has no practical interest at stake, making academic any dispute about the amount of drugs he could be found beyond a reasonable doubt to have distributed. No injustice has been done, and so under *Johnson* and *Olano* there is no plain error. An *Anders* submission therefore was proper. But a defendant convicted of only a single count and sentenced to more than 20 years (or of two counts and given more than 40 years, etc.) has real interests on the line, and we think that it would be inappropriate to preempt full briefing by deeming such an appeal frivolous on an *Anders* submission.

Counsel's request to be relieved is granted, and the appeal is dismissed as frivolous.