**UNITED STATES of America,**
**Plaintiff,**

v.

**Anthony KIRKSEY, Defendant.**

**No. 00–CR–80654.**

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 4, 2001.

Bruce C. Judge, AUSA, Eric M. Straus, AUSA, Detroit, MI, for plaintiff.

S. Allen Early, III, Detroit, MI, for defendant.

*OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT*

ROSEN, District Judge.

## I. INTRODUCTION

Defendant Anthony Kirksey is charged in a one-count indictment with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). On September 14, 2001, Kirksey filed a Motion to Dismiss Indictment contending (a) that 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) (the penalty provisions of the statute) are unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and (b) that the indictment is defective because it does not specify a penalty provision under § 841(b). Having reviewed and considered Defendant's Motion and Brief, the Government's Response and the oral arguments of counsel, the Court is now prepared to rule on this matter. For the reasons discussed below, Defendant's Motion to Dismiss Indictment will be denied.

## II. FACTUAL BACKGROUND

Anthony Kirksey is charged in a one-count indictment with possession with intent to distribute in excess of 500 grams of cocaine. This charge arises out of a search-incident-to-an-arrest of an automobile in which Defendant was a passenger on October 5, 1999. Kirksey was arrested on that date while inside the car on charges of violation of supervised release. Approximately 2 kilograms of cocaine were found by the arresting officers in a duffel bag inside the vehicle.

Kirksey was previously convicted and sentenced for felony drug offenses. *See United States v. Anthony Kirksey, et al.,* E.D. Mich. No. 89–80621. Specifically, Kirksey was convicted of possession with intent to distribute cocaine; use/carrying a firearm during a crime of violence; and felon-in-possession of a firearm, and was sentenced to 97 months imprisonment. He was serving his supervised release on this prior offense when he was apprehended by the U.S. Marshals on October 5, 1999 for violating his supervised release. (He had committed a state crime and subsequently failed to report to his federal probation officer.)

On September 13, 2000, the Grand Jury returned a one-count indictment against Defendant Kirksey charging him with violation of 21 U.S.C. § 841(a)(1) as follows:

> On or about October 5, 1999, at Warren, Michigan, in the Eastern District of Michigan, the Defendant, ANTHONY KIRKSEY, having been previously convicted on May 2, 1990 of a felony drug offense, to wit: possession with intent to distribute cocaine, did knowingly and in-

tentionally possess with intent to distribute in excess of five hundred (500) grams of a substance and mixture containing a detectable amount of Cocaine, a Schedule II controlled substance, [i]n violation of Title 21, United States Code, Section 841(a)(1).

On October 16, 2001, the Government filed an "Information for Enhanced Statutory Penalties Pursuant to 21 U.S.C. § 851," giving notice to Defendant Kirksey that, based upon his 1990 conviction, the United States intends to invoke the enhanced statutory penalties of 21 U.S.C. § 841(b)(1)(B)(ii).

Relying solely upon a Ninth Circuit decision, *United States v. Buckland,* 259 F.3d 1157 (9th Cir.2001), Defendant filed the instant motion arguing argues that 21 U.S.C. § 841(b) is unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He further argues that the indictment must be dismissed because there is no reference in it to § 841(b) or the specific quantity of drugs with which he is being charged and, therefore, his Sixth Amendment right to "be informed of the nature and cause of the accusation" has been violated.

## III. *DISCUSSION*

### A. *SECTIONS 841(b)(1)(A) and (b)(1)(B) ARE NOT UNCONSTITUTIONAL*

■ 18 U.S.C. § 841 provides in pertinent part, as follows:

**(a) Unlawful acts**

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance. . . .

\* \* \* \* \* \*

**(b) Penalties**

Except as otherwise provided in section 859, 760, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:

\* \* \* \* \* \*

**(1)(B)** In the case of a violation of subsection (a) of this section involving—

\* \* \* \* \* \*

**(ii)** 500 grams or more of a mixture or substance containing a detectable amount of—

\* \* \* \* \* \*

**(II)** cocaine, its salts, optical or geometric isomers, and salts of isomers;

\* \* \* \* \* \*

such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years and if death or serious bodily injury results from the use of such substance shall be not less than 20 years and not more than life. . . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment. . . . Any sentence imposed under this subparagraph shall, in the absence of such a prior conviction, include a term of supervised release of at least 4 years in addition to such term of imprisonment and shall, if there was such a prior conviction, include a term of supervised release of at least 8 years. . . .

In *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435

(2000), the Supreme Court held that a fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the statutory maximum must be submitted to the jury and proven beyond a reasonable doubt. 120 S.Ct. at 2362–63. Applying *Apprendi* in *United States v. Buckland,* 259 F.3d 1157 (9th Cir.2001), a divided panel of the Ninth Circuit recently held that Section 841 is facially unconstitutional because it concluded that Sections 841(b)(1)(A) and (B) "permit the judge to find a fact, the quantity of drugs, under a preponderance of the evidence standard, that increases the maximum penalty to which a defendant is exposed." 259 F.3d at 1163. It is solely in reliance upon *Buckland* that Defendant Kirksey argued for a finding of Section 841's unconstitutionality here.

However, on September 14, 2001, the Ninth Circuit ordered an *en banc* rehearing of *Buckland,* thereby vacating the panel decision. ("The three-judge panel opinion shall not be cited as precedent by or to this court or any district court of the Ninth Circuit, except to the extent adopted by the *en banc* court.") *See United States v. Buckland,* 265 F.3d 1085 (9th Cir.2001).

Furthermore, every other court of appeals—including the Sixth Circuit—that has considered post-*Apprendi* challenges to the constitutionality of Section 841 has concluded that the statute, as currently drafted with its more serious penalties for more serious drug offenses in §§ 841(b)(1)(A) and (b)(1)(B), is *not* unconstitutional. *See United States v. Martinez,* 253 F.3d 251, 256 n. 6 (6th Cir.2001) (summarily rejecting claim that Section 841 is unconstitutional in light of *Apprendi*). *See also, United States v. McAllister,* 272 F.3d 228 (4th Cir.2001); *United States v. Slaughter,* 238 F.3d 580, 582 (5th Cir. 2000), *cert. denied,* — U.S. —, 121 S.Ct. 2015, 149 L.Ed.2d 1015 (2001); *United States v. Brough,* 243 F.3d 1078, 1079– 1080 (7th Cir.2001); *United States v. Cernobyl,* 255 F.3d 1215 (10th Cir.2001); *United States v. Candelario,* 240 F.3d 1300, 1310 n. 16 (11th Cir.2001), *cert. denied,* — U.S. —, 121 S.Ct. 2535, 150 L.Ed.2d 705 (2001).

As the Seventh Circuit found in *Brough, supra, Apprendi's* constitutional requirements that "all facts (other than prior convictions) that set the maximum possible punishment under § 841(b) must be established beyond a reasonable doubt to the satisfaction of the same body that determines culpability under § 841(a) . . . are external to § 841(b)." 243 F.3d at 1079. Because Section 841 "does not say who makes the findings or which party bears which burden of persuasion[,] . . . there is no impediment to convictions under the statute as written." *Id.* at 1079– 80. *See also, United States v. Cernobyl, supra,* "Section 841(b) itself is silent on the question of what procedures courts are to use in implementing its provisions, and therefore, the rule in *Apprendi* in no way conflicts with the explicit terms of the statute."

The Supreme Court has long adhered to the maxim that "constitutionally doubtful constructions should be avoided where 'fairly possible.'" *Miller v. French,* 530 U.S. 327, 336, 120 S.Ct. 2246, 147 L.Ed.2d 326 (2000) (quoting *Communications Workers v. Beck,* 487 U.S. 735, 762, 108 S.Ct. 2641, 101 L.Ed.2d 634 (1988)). As the Seventh Circuit observed in *Brough,* "If Congress had specified that only judges may make the findings required by § 841(b), or that these findings must be made by a preponderance of the evidence, then § 841 would create a constitutional problem." 243 F.3d at 1079. However Section 841(b) is silent as to who makes the findings of fact or which standard of proof is to be used in making such findings. Therefore, the statute can be consti-

tutionally implemented in accordance with *Apprendi* with the proper burden of proof (reasonable doubt) used to establish all facts that set the maximum possible penalty under § 841(b) and the right decisionmaker (the jury) deciding the question. Thus, there is no constitutional impediment to the statute as written. In sum, since nothing in the statute requires that the judge, rather than the jury, determine the quantity of drugs or that the drug quantity be proven by a preponderance of the evidence, rather than beyond a reasonable doubt, Section 841(b) can be constitutionally implemented in accordance with *Apprendi*. Therefore, the Court rejects Defendant Kirksey's argument that Section 841(b) is unconstitutional.

B. *THE INDICTMENT IS NOT FA-TALLY DEFECTIVE BECAUSE IT LACKS A REFERENCE TO SEC-TION 841(b) OR A SPECIFIC QUANTITY OF DRUGS.*

■ Defendant Kirksey also argues that the indictment runs afoul of *Apprendi* and must be dismissed because there is no reference in it to Section 841(b) nor does it recite the specific quantity of drugs involved.

As an initial matter, it must be pointed out that in *Apprendi*, the Supreme Court expressly declined to reach the issue of lack of reference to Section 841(b) in the indictment:

Apprendi has not here asserted a constitutional claim based on the omission of any reference to sentence enhancement or racial bias in the indictment. He relies entirely on the fact that the "due process of law" that the Fourteenth Amendment requires the States to provide to persons accused of crime encompasses the right to a trial by jury, and the right to have every element of the

offense proved beyond a reasonable doubt. That Amendment has not, however, been construed to include the Fifth Amendment right to "presentment or indictment of a Grand Jury".... We thus do not address the indictment question separately today.

*Apprendi,* 120 S.Ct. at 2355–56 n. 3.

Furthermore, this Court previously addressed—and rejected—the very same arguments raised by Defendant here in *United States v. Brown,* 154 F.Supp.2d 1055 (E.D.Mich.2001).[1] As the Court observed in *Brown,* Defendant's argument "represents a far-reaching and unwarranted extension of *Apprendi* and its Sixth Circuit progeny." 154 F.Supp.2d at 1063. The Court explained,

Initially it is important to note that *Apprendi* appears, at least to this Court, to be a case far more about *sentencing* than about *indictment,* and far more about the Sixth Amendment right to a *trial by a jury* than about the Fifth Amendment right of grand jury indictment. *Cf. United States v. Brough,* 243 F.3d 1078 (7th Cir.2001) (observing that "*Apprendi* principally concerns the division of responsibility between judge and jury," while also "affect[ing] the burden of persuasion"). *Apprendi* states its holding thus: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. 466, 120 S.Ct. at 2362–63, 147 L.Ed.2d 435. By its literal terms, nothing in this holding imposes the requirements posited by Defendant here.

*Id.* (emphasis in original).

■ Just as was the case in *Brown,* Defendant Kirksey here has not argued

---

1. The Court notes that the defendant in *Brown* was represented by the same counsel who is representing Defendant Kirksey in this action.

that he was misled by the absence of a reference to the specific Section 841(b) penalty provision applicable to him. Rather, as in *Brown*, the indictment here recites sufficient specific facts to apprise Kirksey that he would be subject to the enhanced penalty provision of § 841(b)(1)(B)(ii). The indictment specifically alleges that Defendant Kirksey was "previously convicted of a felony drug offense" and that he was being charged with possession with intent to distribute "in excess of five hundred (500) grams of a substance and mixture containing a detectable amount of cocaine." As the Court explained in *Brown*,

> [T]he worst that can be said about the indictment here is that it cites § 841(a)(1), but does not separately reference any subsection of § 841(b). To be sure, Fed.R.Crim.P. 7(c)(1) requires that an indictment "shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated." Yet, that same Rule further provides that "[e]rror in the citation *or its omission* shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to the defendant's prejudice." Fed.R.Crim.P. 7(c)(3) (emphasis added).

Thus, it has long been established, consistent with Rule 7(c), that "the indictment is not invalidated because it cited the wrong statute," and that "a miscitation of a statute is not grounds for dismissing the indictment unless the defendant is misled thereby." *United States v. Garner*, 529 F.2d 962, 966 (6th Cir.1976). Rather, "the recitation of specific facts contained within the indictment, alone, is sufficient to adequately inform the defendant [ ] of the nature of the charges." 529 F.2d at 966. Such is the case here, where the recitation of drug quantities in the indictment amply apprised Defendant that he would be subject, if convicted, to the enhanced sentencing range of § 841(b)(1)(A). Defendant has not argued that he was misled by the indictment's failure to reference this penalty provision, and the Court cannot imagine how he could credibly claim otherwise.

154 F.Supp.2d at 1065.[2]

Moreover, on March 2, 2001, in acknowledging receipt of the indictment, Kirksey admitted that he recognized that he was facing a possible term of not less than ten years or more to life, a fine of $4,000,000 and a term of supervised release of at least eight years. Thus, it can hardly be said that Defendant Kirksey has not been informed of the nature and cause of the accusations.

Furthermore, on October 16, 2001, in accordance with 21 U.S.C. § 851, the Government filed its "Information for Enhanced Statutory Penalties," specifically providing Kirksey with notice that it intended to rely upon § 841(b)(1)(B)(ii),

---

**2.** Indeed, to the extent that the penalty provisions of § 841(b) constitute essential elements of a Section 841 offense, it is generally accepted that an indictment that states an offense using the words of the statute itself is sufficient. *See Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *United States v. Monus*, 128 F.3d 376, 388 (6th Cir.1997). *See also, United States v. Jones*, 235 F.3d 1231, 1236 (10th Cir.2000)

(an indictment charging a violation of § 841 is constitutionally sufficient under *Apprendi* if it alleges the statutory "benchmark quantity" of drugs required for enhanced penalty.) Here, as indicated, the indictment charges Kirksey using the words of the statute *and* it alleges the "benchmark quantity" of 500 grams of cocaine required for an enhanced penalty under § 841(b) of the statute.

which provides that an individual who commits an offense involving 500 grams or more of cocaine and who has one or more prior felony drug convictions is subject to a mandatory term of ten years imprisonment and a mandatory term of supervised release of eight years. As the Government points out, although Section 851 is silent as to what is required in the indictment itself, the fact that a separate information is required suggests that the proper vehicle for notice is the subsequently filed enhancement information, not necessarily the indictment.

The foregoing demonstrates that Defendant is unable to argue that he has been prejudiced in any way by the omission of a reference to Section 841(b) charged in the indictment.

Defendant Kirksey counters that the failure of the indictment to allege a specific (i.e., exact) quantity of drugs or a reference to Section 841(b) cannot be cured by any means because such an error is "jurisdictional." He argues that under *Apprendi* and the general jurisdictional principle enunciated by the Supreme Court in *Ex parte Bain*, 121 U.S. 1, 12–13, 7 S.Ct. 781, 30 L.Ed. 849 (1887) that "an indictment found by a grand jury [i]s indispensable to the power of the court to try the [defendant] for the crime with which he [i]s charged," because the Grand Jury here was not presented with a penalty provision or a specific (i.e., exact) quantity of drugs, this Court is without jurisdiction to try Kirksey. In support of this proposition, Defendant relies upon *United States v. Hooker*, 841 F.2d 1225 (4th Cir.1988), and

*United States v. Tran*, 234 F.3d 798 (2nd Cir.2000).[3]

The Court is not persuaded by Defendant's lack of jurisdiction argument. First, the cases relied upon by Defendant pre-date *Apprendi*. Furthermore, neither *Hooker* nor *Tran* involved drug trafficking crimes or the penalty provisions of 21 U.S.C. § 841. *Hooker* involved a RICO indictment which failed to allege the required RICO substantive element that the alleged RICO business enterprise affected interstate commerce. In *Tran*, the defendant was indicted for a pleaded guilty to being a felon in possession of a simple firearm but he was sentenced for being a felon-in-possession of sawed-off shotgun, which carries a higher sentence than the maximum applicable for being a felon in possession of a firearm *simpliciter*. In both *Hooker* and *Tran*, the courts determined that the elements omitted from the indictments were essential elements of the crimes for which the defendants were sentenced and, as such, were jurisdictional. The courts went on to hold that absence of prejudice and harmless error analysis were inapplicable to the jurisdictional defects in the indictment. The Court finds neither *Hooker* nor *Tran* applicable here.

First, with respect to Defendant's reliance upon *Tran*, defense counsel is apparently unaware that the Second Circuit, itself, has recently specifically questioned whether *Tran*'s reasoning is sound and has ordered *en banc* review and reconsideration of the decision in the context of drug trafficking crimes under 21 U.S.C. § 841 in *United States v. Thomas*, 248 F.3d 76 (2nd Cir.2001).[4]

---

**3.** Defendant also cited the Ninth Circuit's decision in *United States v. Buckland, supra* in support of this proposition. However, as discussed above in this Opinion, *Buckland* is being reviewed *en banc* and as a consequence, the decision has been vacated pending the *en banc* decision.

**4.** *Thomas*, a drug conspiracy case, was remanded by the Supreme Court to the Second Circuit for consideration of the defendant's appeal of his conviction in light of *Apprendi*. On remand, the Circuit Court voted to rehear the appeal *en banc* and specifically ordered

More importantly, the view of the Second and Fourth Circuit that the omission of an element in an indictment is jurisdictional and not subject to harmless error analysis or plain error review has been specifically rejected by the majority of circuits that have considered the issue. *See, United States v. Sanchez*, 269 F.3d 1250, 1272–73 (11th Cir.,2001); *United States v. Prentiss*, 256 F.3d 971 (10th Cir.2001) (*en banc*) (concluding that "the failure of an indictment to allege an essential element of a crime does *not* deprive a district court of subject matter jurisdiction; rather such failure is subject to harmless error review"); *United States v. Nance*, 236 F.3d 820, 825–26 (7th Cir.2000) (stating in a § 841 case involving an *Apprendi* challenge that indictment errors are "analogous to the instructional error the [Supreme] Court considered in *Neder [v. United States*, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) ]," and did not constitute structural error. Therefore, plain error review was proper); *United States v. Mojica–Baez*, 229 F.3d 292, 310–12 (1st Cir.2000), *cert. denied*, —— U.S. ——, 121 S.Ct. 2215, 150 L.Ed.2d 209 (2001) (indictment error in a Section 924(c)(1) case was not structural and, as such, subject to plain error review.)

Indeed, our own Sixth Circuit recently rejected a lack of jurisdiction argument in an *Apprendi*-based appeal in *United States v. Pinkley*, 2001 WL 1355297 (6th Cir., Oct.26, 2001) (unpublished decision; text available on WESTLAW). Pinkley was charged in a superseding indictment with various drug offenses in violation of 21 U.S.C. §§ 841(a)(1) and 846. He appealed his conviction arguing that the district court lacked jurisdiction to impose any penalty upon his conviction because he was only charged with violation of §§ 841(a)(1) and 846, there being no reference to § 841(b) in his indictment. The Court of Appeals rejected Pinkley's argument, stating:

> This argument is patently meritless. Subsection 841(b) does not state a substantive offense, but simply establishes the penalties to be imposed upon conviction for a substantive offense. Thus, once the court properly exercised its jurisdiction to convict Pinkley of offenses under §§ 841(a)(1) and 846, it properly sentenced him according to the statute.

In light of the foregoing authorities, the Court rejects Defendant's "lack of jurisdiction" argument. Any error in the omission of reference in the indictment to Section 841(b) or the exact quantity of drugs involved was harmless in light of the fact that Defendant has been fairly put on notice of the charges against him. The indictment alleges that Defendant Kirksey was previously convicted of a felony drug offense and that he was being charged with possession with intent to distribute in excess of five hundred (500) grams of a substance and mixture containing a detectable amount of cocaine. The indictment thus recites sufficient specific facts to apprise Kirksey that he would be subject to

briefing from the parties on the following questions:

(1) Does drug quantity under 21 U.S.C. § 841, when it increases a defendant's sentence above a statutory maximum, constitute an element of the offense under the analysis of *Apprendi* ... such that it must be alleged in the indictment?

(2) Assuming that an indictment's failure to allege drug quantity is error, under what circumstances is that error subject to harmless or plain error review?
(3) Should this Court's analysis in the instant case be governed or influenced by *United States v. Tran*, 234 F.3d 798 (2nd Cir.2000), and if so, is *Tran*'s reasoning sound?

the enhanced penalty provision of § 841(b)(1)(B)(ii).

In sum, the Court finds no merit in Defendant's argument for dismissal based upon the omission of a reference in the indictment to § 841(b) or the exact quantity of drugs involved.

## CONCLUSION

For all of the reasons stated above in this Opinion and Order,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Indictment be, and hereby is, DENIED.