

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-5-2001

# USA v. Kelly

Precedential or Non-Precedential:

Docket 00-2705

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"USA v. Kelly" (2001). *2001 Decisions.* Paper 283.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/283

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed December 5, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 00-2705, 00-2849 & 00-3688

UNITED STATES OF AMERICA

v.

COREY KELLY, a/k/a "Tre," Appellant at No. 00-2705;
ROBERT DAVID, Appellant at No. 00-2849; and
BERNARD WINSTON, Appellant at No. 00-3688.

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Nos. 99-cr-00672-1, 99-cr-00672-7 & 99-cr-00672-8)
District Judge: Hon. Jerome B. Simandle

Submitted under Third Circuit LAR 34.1(a)
September 11, 2001

Before: MANSMANN, RENDELL and ALDISERT,
Circuit Judges.

(Filed: December 5, 2001)

        STEPHEN A. FELDMAN, ESQUIRE
        Feldman and Feldman
        300 Rabro Drive
        Hauppauge, NY 11788

        ATTORNEY FOR COREY KELLY

        DAVID L. RHOADS, ESQUIRE
        311 Whitehorse Ave. -- Suite A
        Trenton, N.J. 08610

        ATTORNEY FOR ROBERT DAVID

          MARK W. CATANZARO, ESQUIRE
          Blason IV -- Suite 208
          513 South Lenola Road
          Moorestown, N.J. 08057

          ATTORNEY FOR BERNARD
          WINSTON

          ROBERT J CLEARY, ESQUIRE,
          United States Attorney
          GEORGE S. LEONE, ESQUIRE,
          Chief Appeals Division
          NORMAN GROSS, ESQUIRE,
          Assistant United States Attorney,
           United States Attorney's Office
          Camden Federal Building and
           United States Courthouse
          P.O. Box 2098
          Camden, N.J. 08101-2098

          ATTORNEYS FOR UNITED STATES
          OF AMERICA

OPINION OF THE COURT

PER CURIAM:

We affirmed the judgment of the district court in all
respects in a Not for Publication Memorandum Opinion
filed October 26, 2001. We rejected, inter alia, Appellants'
contention that in light of the holding in Apprendi v. New
Jersey, 530 U.S. 466 (2000), the provisions of 21 U.S.C.
S 841 are facially unconstitutional and thus conspiracy
convictions thereunder are invalid. Thereafter, the United
States Attorney filed a motion asking that the portion of our
opinion addressing this issue be published, noting that the
constitutionality of the statute has been challenged in a
number of pending cases in this court and in various
district courts in our judicial circuit.1  We have decided to
_____

1. See e.g., Wasang Thomas Mock v. Bernie D. Ellis, No. 01-2013; United
States v. Richard Marshall, No. 01-1825; United States v. Joseph Criniti,

accommodate this request and set forth this brief statement of our reasons for rejecting Appellants' argument.

Because this is a question of law only, we need not set forth the facts other than to state that in these consolidated cases, Corey Kelly, Robert David and Bernard Winston appeal their respective judgments of conviction and sentencing in drug cases. Count one of the indictment charged Kelly, David, Winston and three other co-defendants with conspiracy to distribute and possess with the intent to distribute more than five grams of cocaine base. Count four charged Kelly and another with the substantive offense of distribution, and possession with intent to distribute 4.1 grams of cocaine base. Count five charged Kelly, David, Winston and others with a drug trafficking count involving 23.5 grams. The jury convicted Kelly on the conspiracy count and the substantive counts four and five. The jurors also convicted both David and Winston on the conspiracy count, but acquitted them on count five.

Section 841(a), captioned "Unlawful acts," provides:

> Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally--
> (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or (2) to create, distribute, or dispense, or possess with intent to distribute, or dispense, a counterfeit substance.

21 U.S.C. S 841(a) (1994).

Section 841(b), captioned "Penalties," states that "any person who violates subsection (a) of this section shall be

_____

No. 01-1673; United States v. Eugene Williams , No. 01-1479. The issue has also been raised in criminal and civil proceedings in our district courts. See e.g., Gary Nero v. United States, D.N.J. Civ. No. 01-1927; United States v. Wayman Brown, D.N.J. Crim. No. 01-477; United States v. Louis Santaguida et al., D.N.J. Crim. No. 00-247; Anderson Delgado v. Olson, D.N.J. Civ. No. 01-2538; Glendon Henry v. United States, D. Del. No. 00-43, Civ. No. 01-619; Jorge Luis Orendain v. Warden, FCI McKean, W.D. Pa. Civ. No. 01-310E; United States v. Hamlin, W.D. Pa. Crim. No. 98-43; United States v. Hurley, W.D. Pa. Crim. No. 88-219.

sentenced as follows . . ." It then proceeds to lay out the minimum and maximum penalties for possession of various types and quantities of drugs, with adjustments depending on whether the defendant has prior drug-related convictions or whether the activities caused death or serious injury.

In a recent en banc decision, this court made the following determination in an Apprendi context:

> We indicated in United States v. Williams, 235 F.3d 858 (3d Cir. 2000), petition for cert. filed, 69 U.S.L.W. 3763 (U.S. 2001), and we hold here, that an Apprendi violation only occurs if the drug quantity is not found by a jury beyond a reasonable doubt and the defendant's sentence under S 841 exceeds 20 years.

United States v. Vazquez, ___ F.3d ___, ___; 2001 WL 1188250 *3 (3d Cir. 2001) (en banc).

In light of the Apprendi holding, Appellants contend that 21 U.S.C. S 841 is facially unconstitutional, because sentencing factors must now be treated as elements of the offense and proven beyond a reasonable doubt. Kelly Brief at 31. Because none of the Appellants challenged the facial constitutionality of S 841(a) in the district court, this contention is reviewed for plain error.

We conclude that Appellants may not prevail, because the district court committed no "clear" or"obvious" error by declining to declare all convictions under S 841(a) to be facially unconstitutional. Every appellate court that has considered the issue has upheld its constitutionality.2 One court that has addressed facial constitutional challenges to S 841 under Apprendi has concluded that such claims are not only meritless, but "confused." United States v. Brough, 243 F.3d 1078, 1079 (7th Cir. 2001).3

_____

2. A split panel of the Court of Appeals for the Ninth Circuit held otherwise, but its opinion has been vacated. United States v. Buckland, 259 F.3d 1157 (9th Cir. 2001), opinion vacated and en banc consideration granted, 2001 WL 1091167 (9th Cir. Sept. 24, 2001).

3. At least five other courts of appeals have considered the issue and have essentially agreed with the Brough formulation. See United States v.

4

We agree with and adopt the reasoning of Brough:

> Apprendi . . . [does] not establish that anything in
> S 841 is unconstitutional or require[s] its severance. If
> Congress had specified that only judges may make the
> findings required by S 841(b), or that these findings
> must be made by a preponderance of the evidence,
> then S 841 would create a constitutional problem. But
> the statute does not say who makes the findings or
> which party bears what burden of persuasion. Instead
> the law attaches effects to facts, leaving it to the
> judiciary to sort out who determines the facts, under
> what burden. It makes no constitutional difference
> whether a single subsection covers both elements and
> penalties, whether these are divided across multiple
> subsections (as S 841 does), or even whether they are
> scattered across multiple statutes (see 18 U.S.C.
> SS 924(a), 1963). Apprendi holds that the due process
> clauses of the fifth and fourteenth amendments make
> the jury the right decision maker (unless the defendant
> elects a bench trial), and the reasonable-doubt
> standard the proper burden, when a fact raises the
> maximum lawful punishment. How statutes are
> drafted, or implemented, to fulfil that requirement is a
> subject to which the Constitution does not speak.

Brough, 243 F.3d at 1079.

_____

Candelario, 240 F.3d 1300, 1311 n.16 (11th Cir. 2001) (finding a facial
challenge to drug statutes to be "without merit"); United States v.
Slaughter, 238 F.3d 580, 582 (5th Cir. 2000) ("We see nothing in the
Supreme Court decision in Apprendi which would permit us to conclude
that 21 U.S.C. SS 841(a) and (b), 846, and 860(a) are unconstitutional on
their face"); United States v. Meyst, 2001 WL 1126642 at *1 (4th Cir.
Sept. 25, 2001) ("On appeal, Meyst argues that the rule announced in
Apprendi v. New Jersey, 530 U.S. 466 (2000), renders 21 U.S.C.A S 841
. . . unconstitutional on its face. We reject this argument and affirm his
conviction and sentence"); United States v. Cernobyl, 255 F.3d 1215,
1219 (10th Cir. 2001) ("We now join [other] courts in holding that S 841
remains constitutionally enforceable notwithstanding Apprendi"); United
States v. Martinez, 253 F.3d 251, 256 n.6 (6th Cir. 2001) ("We decline
Appellants' invitation to find that 21 U.S.C. S 841 is unconstitutional in
light of the Supreme Court's decision in Apprendi").

Notably, the Supreme Court did not find the New Jersey statute at issue in Apprendi to be facially unconstitutional and unenforceable, but struck down only the procedure employed to increase petitioner's sentence. See Apprendi, 530 U.S. at 497 ("[t]he New Jersey procedure challenged in this case is an unacceptable departure from the jury tradition that is an indispensable part of our criminal justice system") (emphasis added).

Accordingly, we reject the contention that S 841 is facially unconstitutional in light of Apprendi.

The judgment of the district court will be affirmed.

A True Copy:
Teste:

    Clerk of the United States Court of Appeals
    for the Third Circuit

                        6