**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Howard HILL and David Vera,
Defendants–Appellants.**

Nos. 01–1340, 01–1616.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 9, 2002.

Decided Jan. 22, 2002.

Before Hon. FLAUM, Chief Judge, Hon. WOOD, Jr., and Hon. EASTERBROOK, Circuit Judges.

### Order

Both defendants have been convicted of several drug-related offenses, including conspiracy to defraud the Internal Revenue Service, conspiracy to disguise drug proceeds through the purchase of real estate, and mail fraud. David Vera also has been convicted of conspiring to sell large quantities of cocaine to the Latin Kings street gang and other customers, plus money laundering, bank fraud, extortion, and witness tampering. Vera has been sentenced to life imprisonment (and forfeitures discussed in an accompanying published opinion); Hill has been sentenced to 30 months' imprisonment.

Vera contends that 21 U.S.C. § 841, the cornerstone of the federal criminal prohibition of cocaine, heroin, and many other drugs, is unconstitutional because it does not require juries to determine the type and quantity of drugs for which the defendant is accountable. This argument has been considered and rejected in *United States v. Brough*, 243 F.3d 1078 (7th Cir.2001), and *United States v. Bjorkman*, 270 F.3d 482 (7th Cir.2001). It is not necessary to elaborate on the reasons given in those decisions. Nor are we persuaded by the variant that juries must be told that conviction of a drug conspiracy under 21 U.S.C. § 846 depends on proof of the overt acts alleged in the indictment (which usually, and here, concern types and quantities of drugs). *United States v. Shabani*, 513 U.S. 10, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994), holds that no overt act at all need be proven in a § 846 conspiracy, and nothing in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), calls that decision into question.

Because Vera has at least two prior convictions for drug felonies, the statutory maximum for conspiring to distribute *any* cocaine or heroin is 30 years' imprisonment. 21 U.S.C. § 841(b)(1)(C). His other crimes carry maximum punishments of 5 or 10 years per offense, and all convictions put together (and run consecutively) come to 130 years' imprisonment. Vera's actual sentence–life imprisonment on the drug conspiracy, with all terms on other crimes run concurrently–is improper under *Apprendi* because the statutory maximum for that drug crime is 30 years unless the jury finds beyond a reasonable doubt (which it did not) that the offense involved at least 500 grams of cocaine. 21 U.S.C. § 841(b)(1)(B). Moreover, Vera raised his *Apprendi* argument in a timely fashion–at sentencing. It is not a *defendant's* obligation to pester the district court to submit jury questions that will augment the maximum lawful sentence. If the prosecutor is content with the default statutory maximum (30 years for a recidivist), the defendant has nothing to object about.

Nonetheless, the *Apprendi* error is harmless given that Vera's maximum lawful sentence is 130 years' imprisonment–a term that, even with a 15% discount for good behavior, substantially exceeds his life expectation. Nothing in *Apprendi* affects consecutive sentences, or for that matter factfinding by the judge on the preponderance standard (provided that the sentence does not exceed a statutory maximum). See *Edwards v. United States*, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998). The district judge found that Vera conspired to distribute more than 150 kilograms of cocaine. This finding is not clearly erroneous. It rests on the testimony of eyewitnesses, testimony that the

judge could (and did) believe even though these witnesses were all criminals themselves. As a result, the Sentencing Guidelines require the district judge to impose a 130–year sentence, if a single life sentence is improper. See U.S.S.G. § 5G1.2. There is no practical difference between a life sentence and a 130–year sentence–Vera was 36 at the time of sentencing and is unlikely to survive until age 146, the end of a 130–year term (with full allowance for good-time credits)–so the district judge's error in choosing the former is harmless. See *United States v. Page*, 232 F.3d 536, 545 (6th Cir.2000). Cf. *Neder v. United States*, 527 U.S. 1, 8–15, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999).

■ Hill laundered drug proceeds for Vera and helped him evade taxes. One part of that scheme involved buying three parcels of property at prices other than those reflected on the documents of sale. Hill contends that the tax loss (the principal factor affecting his sentence) should have been based on only one of these three parcels. The district court did not commit clear error in finding that Hill is culpable for all three transactions. The record shows that he instructed subordinates to draw up the papers for all three, making statements that reflected his knowledge of how the papers would be used. No more is necessary.

AFFIRMED