**UNITED STATES of America,**

v.

**Corey KELLY, a/k/a "Tre," Appellant at No. 00–2705; Robert David, Appellant at No. 00–2849; and Bernard Winston, Appellant at No. 00–3688.**

Nos. 00–2705, 00–2849, 00–3688.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) Sept. 11, 2001.

Filed Dec. 5, 2001.

Stephen A. Feldman, Feldman and Feldman, Hauppauge, NY, Attorney for Corey Kelly.

David L. Rhoads, Trenton, NJ, Attorney for Robert David.

Mark W. Catanzaro, Moorestown, NJ, Attorney for Bernard Winston.

Robert J. Cleary, United States Attorney, George S. Leone, Chief Appeals Division, Norman Gross, Assistant United States Attorney, United States Attorney's Office, Camden, NJ, Attorneys for United States of America.

Before MANSMANN, RENDELL and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

We affirmed the judgment of the district court in all respects in a Not for Publication Memorandum Opinion filed October 26, 2001. We rejected, inter alia, Appellants' contention that in light of the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the provisions of 21 U.S.C. § 841 are facially unconstitutional and thus conspiracy convictions thereunder are invalid. Thereafter, the United States Attorney filed a motion asking that the portion of our opinion addressing this issue be published, noting that the constitutionality of the statute has been challenged in a number of pending cases in this court and in various district courts in our judicial circuit.[1] We have decided to accommodate this request and set forth this brief state-

---

1. *See e.g., Wasang Thomas Mock v. Bernie D. Ellis*, No. 01–2013; *United States v. Richard Marshall*, No. 01–1825; *United States v. Joseph Criniti*, No. 01–1673; *United States v. Eugene Williams*, No. 01–1479. The issue has also been raised in criminal and civil proceedings in our district courts. *See e.g., Gary Nero v. United States*, D.N.J. Civ. No. 01–1927; *United States v. Wayman Brown*, D.N.J.Crim. No. 01–477; *United States v. Louis Santaguida et al.*, D.N.J.Crim. No. 00–247; *Anderson Delgado v. Olson*, D.N.J. Civ. No. 01–2538; *Glendon Henry v. United States*, D. Del. No. 00–43, Civ. No. 01–619; *Jorge Luis Orendain v. Warden, FCI McKean*, W.D. Pa. Civ. No. 01–310E; *United States v. Hamlin*, W.D. Pa. Crim. No. 98–43; *United States v. Hurley*, W.D. Pa.Crim. No. 88–219.

ment of our reasons for rejecting Appellants' argument.

Because this is a question of law only, we need not set forth the facts other than to state that in these consolidated cases, Corey Kelly, Robert David and Bernard Winston appeal their respective judgments of conviction and sentencing in drug cases. Count one of the indictment charged Kelly, David, Winston and three other co-defendants with conspiracy to distribute and possess with the intent to distribute more than five grams of cocaine base. Count four charged Kelly and another with the substantive offense of distribution, and possession with intent to distribute 4.1 grams of cocaine base. Count five charged Kelly, David, Winston and others with a drug trafficking count involving 23.5 grams. The jury convicted Kelly on the conspiracy count and the substantive counts four and five. The jurors also convicted both David and Winston on the conspiracy count, but acquitted them on count five.

Section 841(a), captioned "Unlawful acts," provides:

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or (2) to create, distribute, or dispense, or possess with intent to distribute, or dispense, a counterfeit substance.

21 U.S.C. § 841(a) (1994).

Section 841(b), captioned "Penalties," states that "any person who violates subsection (a) of this section shall be sentenced as follows . . ." It then proceeds to lay out the minimum and maximum penal-

ties for possession of various types and quantities of drugs, with adjustments depending on whether the defendant has prior drug-related convictions or whether the activities caused death or serious injury.

In a recent *en banc* decision, this court made the following determination in an *Apprendi* context:

We indicated in *United States v. Williams*, 235 F.3d 858 (3d Cir.2000), *petition for cert. denied*, —— U.S. ——, 122 S.Ct. 49, —— L.Ed.2d —— (2001), and we hold here, that an *Apprendi* violation only occurs if the drug quantity is not found by a jury beyond a reasonable doubt and the defendant's sentence under § 841 exceeds 20 years.

*United States v. Vazquez*, 271 F.3d 93, 98 (3d Cir.2001) (en banc).

In light of the *Apprendi* holding, Appellants contend that 21 U.S.C. § 841 is facially unconstitutional, because sentencing factors must now be treated as elements of the offense and proven beyond a reasonable doubt. Kelly Brief at 31. Because none of the Appellants challenged the facial constitutionality of § 841(a) in the district court, this contention is reviewed for plain error.

We conclude that Appellants may not prevail, because the district court committed no "clear" or "obvious" error by declining to declare all convictions under § 841(a) to be facially unconstitutional. Every appellate court that has considered the issue has upheld its constitutionality.[2] One court that has addressed facial constitutional challenges to § 841 under *Apprendi* has concluded that such claims are not only meritless, but "confused." *United States v. Brough*, 243 F.3d 1078, 1079 (7th Cir.2001).[3]

---

**2.** A split panel of the Court of Appeals for the Ninth Circuit held otherwise, but its opinion has been vacated. *United States v. Buckland*, 259 F.3d 1157 (9th Cir.2001), *opinion vacated and en banc consideration granted*, 265 F.3d

1085, 2001 WL 1091167 (9th Cir. Sept. 24, 2001).

**3.** At least five other courts of appeals have considered the issue and have essentially

We agree with and adopt the reasoning of *Brough*:

> *Apprendi* ... [does] not establish that anything in § 841 is unconstitutional or require[s] its severance. If Congress had specified that only judges may make the findings required by § 841(b), or that these findings must be made by a preponderance of the evidence, then § 841 would create a constitutional problem. But the statute does not say who makes the findings or which party bears what burden of persuasion. Instead the law attaches effects to facts, leaving it to the judiciary to sort out who determines the facts, under what burden. It makes no constitutional difference whether a single subsection covers both elements and penalties, whether these are divided across multiple subsections (as § 841 does), or even whether they are scattered across multiple statutes (see 18 U.S.C. §§ 924(a), 1963). *Apprendi* holds that the due process clauses of the fifth and fourteenth amendments make the jury the right decision maker (unless the defendant elects a bench trial), and the reasonable-doubt standard the proper burden, when a fact raises the maximum lawful punishment. How statutes are drafted, or implemented, to fulfil that requirement is a subject to which the Constitution does not speak.

*Brough*, 243 F.3d at 1079.

Notably, the Supreme Court did not find the New Jersey statute at issue in *Apprendi* to be facially unconstitutional and unenforceable, but struck down only the procedure employed to increase petitioner's sentence. *See Apprendi*, 530 U.S. at 497, 120 S.Ct. 2348 ("[t]he New Jersey *procedure* challenged in this case is an unacceptable departure from the jury tradition that is an indispensable part of our criminal justice system") (emphasis added).

Accordingly, we reject the contention that § 841 is facially unconstitutional in light of *Apprendi*.

The judgment of the district court will be affirmed.

---

agreed with the *Brough* formulation. *See United States v. Candelario*, 240 F.3d 1300, 1311 n. 16 (11th Cir.2001) (finding a facial challenge to drug statutes to be "without merit"); *United States v. Slaughter*, 238 F.3d 580, 582 (5th Cir.2000) ("We see nothing in the Supreme Court decision in *Apprendi* which would permit us to conclude that 21 U.S.C. §§ 841(a) and (b), 846, and 860(a) are unconstitutional on their face"); *United States v. Meyst*, 2001 WL 1126642 at *1 (4th Cir. Sept. 25, 2001) ("On appeal, Meyst argues that the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), renders 21 U.S.C.A. § 841 ... unconstitutional on its face. We reject this argument and affirm his conviction and sentence"); *United States v. Cernobyl*, 255 F.3d 1215, 1219 (10th Cir.2001) ("We now join [other] courts in holding that § 841 remains constitutionally enforceable notwithstanding *Apprendi*"); *United States v. Martinez*, 253 F.3d 251, 256 n. 6 (6th Cir.2001) ("We decline Appellants' invitation to find that 21 U.S.C. § 841 is unconstitutional in light of the Supreme Court's decision in *Apprendi*").