**UNITED STATES of America,**

v.

**Ebrian MOTA, Appellant.**

**No. 00–1164.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a)
April 9, 2002.

Opinion Filed April 16, 2002.

Before McKEE, BARRY, and
ALARCON, Circuit Judges.

OPINION

BARRY, Circuit Judge.

Appellant, Ebrian Mota, pled guilty to conspiring to distribute, distributing, and possessing with the intent to distribute 231.06 grams of crack cocaine. Following a three-level reduction for acceptance of responsibility, Mota's total offense level was calculated at 33. An offense level of 33 with a criminal history category of I yielded a sentencing range of 135–168 months imprisonment. The District Court sentenced Mota to 135 months and five years of supervised release. We have jurisdiction over Mota's appeal pursuant to 28 U.S.C. § 1291 and will affirm.

Mota's counsel submitted a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), contending that there are no non-frivolous issues for appeal. Counsel contends that the District Court imposed a legal sentence, had jurisdiction to accept Mota's guilty plea, and that Mota's plea was valid, knowing, and voluntary. After thorough examination of the proceedings, we agree with counsel that there are no non-frivolous issues to raise on appeal. Judge Buckwalter's plea colloquy was thorough and precise, and there has been no suggestion that it did not meet the requirements of Fed. R.Crim. Pro. 11. Moreover, a review of the sentencing hearing transcript reveals that the Court imposed a sentence that met the requirements of Fed. R.Crim. Pro. 32.

Mota, however, submitted a pro se "Informal Brief" and a "Supplemental Reply Brief" contending (1) that 21 U.S.C. § 841 is unconstitutional per se or void for vagueness because, among other things, it

lacks a penalty element; (2) that the District Court was without jurisdiction to impose a sentence because no penalty was identified in the indictment; (3) that the indictment was insufficient because the grand jury "did not pass" on the type or quantity of drugs involved; (4) that his sentence of 135 months imprisonment and five years of supervised release impermissibly exceeded the maximum guideline and statutory sentences available; and (5) that the District Court improperly enhanced his sentence by two levels for possession of a firearm because the government failed to demonstrate that he "POSSESSED" a firearm.

The bulk of Mota's contentions are predicated on the Supreme Court's recent decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Contrary to Mota's assertion, § 841 is not "void for vagueness as written for ... failing to provide a floor penalty for the § 841(a) offenses at all." Memo. in Support of Informal Br. at 2. We recently rejected such an *Apprendi* challenge to § 841. *United States v. Kelly*, 272 F.3d 622, 623–24 (3d Cir.2001). Mota's contentions that the penalty and type and quantity of drugs had to be submitted to the grand jury or to the jury have also been previously rejected. *United States v. Vazquez*, 271 F.3d 93, 98 (3d Cir.2001) (en banc) ("[A]n *Apprendi* violation only occurs if the drug quantity is not found by a jury beyond a reasonable doubt and the defendant's sentence under § 841 exceeds 20 years."); *United States v. Williams*, 235 F.3d 858, 862–64 (3d Cir.2000), *cert. denied*, — U.S. —, 122 S.Ct. 49, 151 L.Ed.2d 19 (2001); *United States v. Cepero*, 224 F.3d 256, 267 n. 5 (3d Cir.2000) (en banc), *cert. denied*, 531 U.S. 1114, 121 S.Ct. 861, 148 L.Ed.2d 774 (2001). Moreover, because the 135 month sentence and five-year term of supervised release did not exceed the maximum period provided by statute, Mota's *Apprendi* challenge to his sentence in those respects also fails. *Vazquez*, 271 F.3d at 98, 107 (the term of imprisonment and the 5–year supervised release term were within the range that the court was authorized to impose).

Finally, Mota challenges the District Court's two-level enhancement for possession of a firearm under U.S.S.G. 2D1.1(b)(1). We review this determination for plain error, as it was not raised before the District Court. Given the presence of a loaded .38 caliber handgun in Mota's residence where and when drugs and drug paraphernalia were seized, the District Court did not err in imposing that enhancement.

For the foregoing reasons, and after carefully considering all of the arguments raised on appeal, we will grant counsel's request to withdraw and will affirm the judgment of conviction and the sentence imposed.