

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-12-2002

# USA v. Criniti

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-2424

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Criniti" (2002). *2002 Decisions.* Paper 355.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/355

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


Nos. 00-2424, 01-1321, and 01-1673


UNITED STATES OF AMERICA

v.

JOSEPH A. CRINITI,

Appellant


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 00-00122-1)
District Judge:  Honorable Charles R. Weiner


Argued:  May 20, 2002


BEFORE:  BECKER, Chief Judge, GREENBERG, Circuit Judge,
and BARZILAY, Judge, U.S. Court of International Trade*

(Filed:  June 12, 2002)


*Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting by designation.


OPINION OF THE COURT


GREENBERG, Circuit Judge.

        These matters come on before this court on Joseph Criniti's appeals from a judgment of conviction and sentence, an order denying his motion to vacate, set aside or correct his sentence under 28 U.S.C.  2255, and an order granting the government's motion for the forfeiture of substitute assets.  The conviction was for conspiracy to distribute marijuana.  For the reasons we set forth below, we will affirm the judgment and orders of the district court.

        From 1993 to 1996, Criniti obtained large amounts of marijuana from co-conspirator Clifton Cato which Criniti and co-defendants Pasquale Bove and Mark Hauad distributed throughout the Philadelphia area.  This activity led to his indictment on March 8, 2000, for conspiracy to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C.  846.  Section 846 provides that a person who conspires to commit the offense of distribution of a controlled substance is subject to the penalties for

the substantive offense that was the object of the conspiracy.  The penalty for the substantive offense in this case was derived from 21 U.S.C.  841(b).  Section 841(b)(1)(C) provides for a maximum term of 20 years imprisonment for offenses dealing with an unspecified amount of Schedule I and II controlled substances (including marijuana) but further provides that where certain specified quantities of drug are involved, the maximum may be increased under section 841(b)(1)(B) and section 841(b)(1)(A) or decreased under section 841(b)(1)(D).  As significant here, under section 841(b)(1)(D) in some circumstances the imprisonment term in a marijuana case is limited to five years.

On May 5, 2000, Criniti pled guilty and at that time a written plea agreement that he had executed was made part of the record.  The agreement stipulated that he had distributed "at least 700 kilograms but less than 1000 kilograms of marijuana" and provided for him to forfeit $600,000 and certain real property representing proceeds and/or facilitating property.  At the change of plea hearing, Criniti indicated that the government's factual proffer, which included allegations that he was responsible for 700 to 1000 kilograms of marijuana, was substantially correct.

In the interim between the entry of the guilty plea and the imposition of sentence on August 7, 2000, the Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000).  In Apprendi, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Id. at 490, 120 S.Ct. 2362-63.  Neither Criniti nor the government suggested at the sentencing that Apprendi was germane to the proceedings.  The court at the hearing determined that the sentencing range was 87 to 108 months, a determination that included a 2-level upward adjustment for a leadership role under U.S.S.G.  3B1.1(c), but it departed downwards to 72 months when imposing sentence.

Following his sentencing, Criniti filed a direct appeal, docketed at No. 00-2424, but while the appeal was pending, he filed a motion in the district court to vacate, set aside or correct his sentence under 28 U.S.C.  2255.  In his section 2255 motion, Criniti argued, inter alia, that his attorney at sentencing was ineffective for failing to advise him of Apprendi's possible implications concerning the quantity of drugs on which the court based his sentence.  He also challenged the court's determination that he had a leadership role in the offense which deprived him of the benefit of safety valve provisions that can lead to a reduced sentence.  On October 11, 2000, we stayed the direct appeal pending disposition of Criniti's section 2255 motion.

On December 7, 2000, the government filed a motion in the district court seeking an order for forfeiture of substitute assets which the district court subsequently granted.  Thereafter, Criniti filed a notice of appeal from this order, docketed at No. 01-1321, arguing that the forfeiture amount violated Apprendi.

On February 21, 2001, the district court held an evidentiary hearing on Criniti's section 2255 motion, following which on March 9, 2001, it denied the motion.  On March 16, 2001, Criniti filed a notice of appeal of this order, docketed at No. 01-1673. On April 30, 2001, the district court issued a certificate of appealability on the issues of "whether counsel was constitutionally ineffective for failing to raise an Apprendi argument regarding the quantity of drugs upon which the defendant's sentence was calculated and whether defendant was a leader of the drug conspiracy."  Subsequently, Criniti moved to consolidate the three appeals and on February 1, 2002, we granted the motion and by this opinion dispose of all three appeals.

On these appeals, Criniti focuses on three points: (1) that Apprendi renders the sentencing enhancements of 21 U.S.C.  841 unconstitutional; (2) that the district court erred in determining the quantity of marijuana for which Criniti was responsible; and (3) that, consequently, the amount of assets to be forfeited is too high.  Of course, these issues relate to the substance of the issues Criniti thinks his attorney should have raised. Criniti has not briefed the issue of whether he was a leader of the drug conspiracy, though he raised that point in the district court and the certificate of appealability included the issue.

Criniti first contends that we should find that the sentencing enhancement provisions of 21 U.S.C.  841 are facially unconstitutional under Apprendi.  Thus, in his view, his sentence constitutionally was required to be limited to five years, the lowest statutory maximum in a marijuana case, 21 U.S.C.  841(b)(1)(D), regardless of the

circumstance that the court factually found the enhancement to be applicable. In support of his argument Criniti cites a panel decision from the Court of Appeals for the Ninth Circuit. However, that court withdrew the decision, see United States v. Buckland, 259 F.3d 1157 (9th Cir. 2001), vacated by 265 F.3d 1085 (9th Cir. 2001), and now stands with this court, and with every other court of appeals that has considered the issue, in holding that Apprendi did not render section 841 unconstitutional. See United States v. Buckland, 277 F.3d 1173, 1177 (9th Cir. 2002) (en banc), amended by 289 F.3d 558 (9th Cir. 2002) (en banc), cert. denied 2002 WL 764223 U.S. (May 28, 2002); United States v. Kelly, 272 F.3d 622 (3d Cir. 2001).

In Kelly we recognized that section 841 "'does not say who makes the findings or which party bears what burden of persuasion. Instead the law attaches effects to facts, leaving it to the judiciary to sort out who determines the facts, under what burden.'" Id. at 624 (quoting United States v. Brough, 243 F.3d 1078, 1079 (7th Cir.), cert. denied, 122 S. Ct. 203 (2001)). Thus, rather than rendering section 841 unconstitutional, Apprendi simply holds that the due process clauses "'make the jury the right decision maker (unless the defendant elects a bench trial), and the reasonable-doubt standard the proper burden, when a fact raises the maximum lawful punishment.'" Kelly, 272 F.2d at 624 (quoting Brough, 243 F.3d at 1079). Of course, in this case inasmuch as Criniti pleaded guilty, no jury ever was selected.

Criniti next argues that his sentence of 72 months and forfeiture of $600,000 violated Apprendi in that the district court did not properly find that he was responsible for an amount of marijuana sufficient to justify the imposition of his penalty. He argues that there is insufficient evidence to support the district court's findings and that he should be resentenced to a term of imprisonment not greater than five years under 21 U.S.C. 841(b)(1)(D), which deals with cases involving less than 50 kilograms of marijuana. Moreover, he contends that he should not be required to forfeit $600,000.

At the February 21, 2001 hearing, the government presented Cato's testimony to demonstrate that it could prove beyond a reasonable doubt that Criniti's offense involved more than the 50 kilograms of marijuana necessary to trigger the applicability of the 20-year maximum penalty under 21 U.S.C. 841(b)(1)(C). Cato testified that from 1993 to 1996 he distributed between 3,500 and 4,000 pounds of marijuana to Criniti. He indicated that each transaction involved between 25 to 200 pounds of marijuana and described several deliveries as "carloads" full. On cross-examination, Cato was confronted with a written document that referenced a single transaction that involved 35 pounds of marijuana.

The district court found Cato's testimony credible. It stated "[i]f . . . one transaction involved thirty-five pounds of marijuana, it is not unreasonable to extrapolate that over the three years of the conspiracy the total amount of marijuana distributed more than reached the 700 to 1000 [kilograms] recited in the plea agreement." The court concluded that Criniti's counsel was not ineffective for failing to raise an Apprendi issue at sentencing for, if he had, the government would have shown, beyond a reasonable doubt, that the quantity of marijuana was "at least as much as admitted by Criniti in the plea agreement and during the change of plea colloquy." Id. at 248.

The court noted that in his plea agreement, Criniti stipulated that he had distributed at least 700 to 1000 kilograms of marijuana, that the plea agreement was made part of the record at the change of plea hearing, and that when the court asked Criniti if the government's proffer, which included allegations that the amount of marijuana was between 700 and 1000 kilograms, was substantially correct, Criniti responded "yes, they are correct." As in United States v. Vazquez, 271 F.3d 93 (3d Cir. 2001) (en banc), petition for cert. filed (U.S. Mar 8, 2002) (No. 01-9014), Criniti presented no challenge to, or affirmative evidence against, the government's evidence of drug quantity. See id. at 104-05 (finding that the defendant had shown no effect on his substantial rights, and no violation that seriously affected the fairness, integrity or public reputation of the judicial proceedings); see also United States v. Cotton, 122 S.Ct. 1781 (2002). The court concluded, beyond a reasonable doubt, that Criniti's offense involved at least 700 kilograms of marijuana.

Because there is sufficient evidence to support the conclusion that Criniti was responsible for at least 50 kilograms of marijuana, the district court properly sentenced Criniti to 72 months imprisonment under 21 U.S.C. 841(b)(1)(C) which provides for a 20 year maximum for unspecified quantities of drugs, rather than under section

841(b)(1)(D), which provides for a five-year maximum for cases involving less than 50 kilograms of marijuana.

Finally, without citing any authority, Criniti argues that we should apply Apprendi to find that the district court improperly ordered him to forfeit substitute assets to satisfy, in part, his agreement to forfeit $600,000 in drug proceeds.

Other courts of appeals have considered Apprendi challenges to criminal forfeiture and determined that Apprendi does not apply. See United States v. Vera, 278 F.3d 672, 673 (7th Cir. 2002) ("[d]etermining the forfeitable proceeds of an offense does not come within Apprendi's rule, because there is no 'prescribed statutory maximum' and no risk that the defendant has been convicted de facto of a more serious offense"), petition for cert. filed (Apr. 22, 2002) (No. 01-9972); United States v. Cabeza, 258 F.3d 1256, 1257 (11th Cir. 2001) (stating that "[b]ecause forfeiture is a punishment and not an element of the offense, it does not fall within the reach of Apprendi"); United States v. Corrado, 227 F.3d 543, 550-51 (6th Cir. 2000) (Apprendi does not apply to forfeiture). See also United States v. Syme, 276 F.3d 131, 159 (3d Cir. 2002) (concluding that Apprendi does not apply to restitution orders under 18 U.S.C.  3663).

Thus, Apprendi does not apply here. Even if it did, there would be no error because Criniti stipulated to the forfeiture amount in his plea agreement and the district court heard evidence and made factual findings that the government proved the drug quantity supporting the forfeiture amount beyond a reasonable doubt.

For the foregoing reasons, the judgment of conviction and sentence of August 9, 2000, and the orders of December 28, 2000, and March 9, 2001, will be affirmed.


TO THE CLERK:

Please file the foregoing not precedential opinion.

s/s Morton I. Greenberg
Circuit Judge


DATED:  June 12, 200