**UNITED STATES of America**

v.

**Franklin RODRIGUEZ, a/k/a Maestro**

**Franklin Rodriguez, Appellant**

No. 01–3094.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) June 10, 2002.

Filed June 19, 2002.

Before SLOVITER, ROTH, and McKEE, Circuit Judges.

OPINION OF THE COURT

SLOVITER, Circuit Judge.

A federal grand jury indicted Franklin Rodriguez, the appellant, and eight others in a forty-six count indictment. On September 13, 2000, Rodriguez entered a plea of guilty pursuant to a cooperation plea agreement to Counts 1, 13, 15, 45, and 46 of the indictment. These counts charged Rodriguez with conspiracy to distribute controlled substances, 21 U.S.C. 846 (Count 1), use of a telephone to facilitate a drug felony, 21 U.S.C. 843(b) (Count 13), and distributing a mixture or substance containing a detectible amount of heroin, 21 U.S.C. 841(a)(1) (Counts 15, 45, and 46).

On July 25, 2001, Rodriguez was sentenced to concurrent sentences of incarceration of 60 months on Counts 1, 15, 45, and 46, and of 48 months on Count 13. Rodriguez was also sentenced to five years supervised release, a fine of $1,000, and a special assessment of $500.00.

The parties are familiar with the facts and, as we are writing a non-precedential opinion, we need not repeat them in any detail, particularly as they are not contested. Briefly, the Government's evidence consisted primarily of 120 days of court-authorized wiretap conversations among Rodriguez and other members of the conspiracy, including the leader of the enterprise, Jose Fernandez, to distribute heroin and crack cocaine in the Philadelphia and Reading areas. The intercepted phone calls were corroborated by police surveillance. Rodriguez was the overseer of a group of dealers who sold the "White House" brand of heroin in the Reading area for Fernandez. Rodriguez would travel to Philadelphia to pick up drugs for distribution and other members of the Fernandez enterprise would frequently travel to Reading to deliver drugs for distribution or collect money.

On March 4, 1999, the FBI watched Fernandez transport and deliver heroin to Rodriguez in Reading. On May 4 and May 11, 1999, Rodriguez delivered heroin to a police informant in Reading. Further, the Government had physical evidence, including guns and drug records, recovered during the execution of search warrants in conjunction with the arrests made in this case.

■ Rodriguez argues at length that 21 U.S.C. 841(b), the statutory provision that establishes the penalties for violations of 21 U.S.C. 841(a), is unconstitutional under the holding of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the statute mandates that drug type and quantity be treated as sentence enhancement factors to be considered by the judge rather than statutory elements to be considered by a jury. Rodriguez's contention is unpersuasive.

We have previously held that under *Apprendi*, drug identity and quantity are treated as statutory elements only when they implicate a sentence beyond the applicable statutory maximum. *United States v. Barbosa*, 271 F.3d 438, 457 (3d Cir. 2001). Thus, *Apprendi* does not invariably preclude a sentencing judge from deciding the drug identity and quantity involved in a 841 offense as sentence enhancement factors using a preponderance of the evidence standard. *Id.* As long as the enhanced sentence is below the statutory maximum authorized by the jury's factual findings, there is no *Apprendi* issue. *Id.*

Further, in *United States v. Kelly*, 272 F.3d 622, 624 (3d Cir.2001), we held that 841(b) so construed is constitutional.[1] In holding the facial challenge to 841 meritless, we adopted the language of *United States v. Brough*, 243 F.3d 1078 (7th Cir. 2001), which stated:

> *Apprendi* ... [does] not establish that anything in 841 is unconstitutional or require[s] its severance. If Congress had specified that only judges may make the findings required by 841(b), or that these findings must be made by a preponderance of the evidence, then 841 would create a constitutional problem. But the statute does not say who makes the findings or which party bears what burden of persuasion. Instead the law attaches effects to facts, leaving it to the judiciary to sort out who determines the facts, under what burden.

1. Although Rodriguez argues that *Kelly* was wrongly decided in light of earlier precedent, such as *United States v. Lewis*, 113 F.3d 487 (3d Cir. 1997), we have recognized "that *Apprendi* has eroded the precedential value" of cases such as *Lewis*. *Barbosa*, 271 F.3d at 456. Absent any *intervening* Supreme Court or en banc decision, we are bound by *Kelly* 3d Cir. Internal Operating Procedures 9.1.

*Kelly,* 272 F.3d at 624 (alterations in original) (quoting *Brough,* 243 F.3d at 1079).

In the present case, the procedures applied by the District Court complied with *Apprendi* because Rodriguez entered a plea agreement to specific drug types and quantities which controlled the statutory maximum sentence he would face. Consistent with *Apprendi,* the drug types and quantities which influenced the potential maximum sentences were adequately addressed at the guilty plea hearing. Each sentence subsequently imposed by the District Court for each count was within the statutory maximum applicable to each offense of conviction.

 Because 841(b) is facially constitutional and the sentences imposed did not exceed the statutory maximum permitted consistent with Rodriguez's plea agreement, there is no *Apprendi* problem. In the plea agreement, Rodriguez admitted as an element of each offense the threshold drug types and quantities for which he was being sentenced. It should be noted that Rodriguez did properly identify an error on the face page of the District Court's judgment and commitment order. The judgment order included the erroneous description of the conspiracy offense as: "Conspiracy to distribute 100 grams or more of a mixture or substance containing a detectible amount of cocaine base and 100 grams of heroin." App. at 3. At the plea hearing, Rodriguez pled guilty to a "conspiracy to distribute more than 100 grams of heroin, and a mixture or substance containing a detectable amount of cocaine base, crack." App. at 126.

This error caused Rodriguez no harm because the sentence imposed was within that allowed by the plea agreement. Further, it is a " 'firmly established and settled principle of federal criminal law that an orally pronounced sentence controls over a judgment and commitment order

when the two conflict.' " *United States v. Chasmer,* 952 F.2d 50, 52 (3d Cir.1991) (quoting *United States v. Villano,* 816 F.2d 1448, 1450 (10th Cir.1987)). At the sentencing hearing, the District Court accurately described the conspiracy offense as a "conspiracy to distribute more than a hundred grams of heroin and a mixture or substance containing a detectable amount of cocaine base, crack." App. at 154.

For the reasons set forth, we will affirm the judgment of sentence.