**UNITED STATES of America,**

v.

**Jose Victor PELLOT, Felix Ortiz Santiago, and Flor M. Franqui,**

**Jose Victor Pellot, Appellant in 00–1615,**

**Felix Ortiz Santiago, Appellant in 00–1639,**

**Flor M. Franqui, Appellant in 00–1641.**

**Nos. 00–1615, 00–1639, 00–1641.**

United States Court of Appeals, Third Circuit.

Argued June 4, 2002.

Decided July 31, 2002.

---

Thomas F. Dunn (Argued), Glen Rock, New Jersey, for Appellant Jose Victor Pellot.

Alexei Schacht (Argued), Paul R. Nalven, Astoria, New York, for Appellant Flor M. Franqui and Feliz Ortiz–Santiago.

Elizabeth S. Ferguson (Argued), Assistant United States Attorney, Robert J. Cleary, United States Attorney, George S. Leone, Chief, Appeal Division, Newark, New Jersey, for Appellee United States of America.

Before SCIRICA, BARRY, and WEIS, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

A jury convicted defendants Franqui, Santiago, Pellot, and others of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine from January 1998 to August 21, 1998, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendants Franqui and Santiago were also found guilty of possession with intent to distribute more than five kilograms of cocaine on April 7, 1998, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Franqui was sentenced to 200

months imprisonment, Santiago to 324 months and Pellot, to 360 months.

Franqui and Santiago, represented by separate counsel, have filed a joint brief. Pellot, also represented by separate counsel, has filed a brief on his own behalf. The appeals have been consolidated and, for that reason, only one opinion will issue. Because the opinion is not precedential and the parties are familiar with the circumstances surrounding defendants' arrests and convictions, only a brief sketch of the facts will be presented. We will affirm.

The parties have advanced a number of claims of error. We will address them *seriatim*, beginning with those in the joint brief submitted by Franqui and Santiago.

## I.

■ 1. Defendants assert that the stop and search of their vehicle on April 7, 1998, and the search of the defendants' home thereafter pursuant to a warrant were illegal and the evidence obtained as a result should have been suppressed. We reject the defendants' contentions. The District Court correctly found that the traffic stop was justified. Defendant Franqui consented to the search of the car and evidence was validly seized. *See United States v. Watson,* 423 U.S. 411, 424, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976) (custody does not, in itself, vitiate consent); *United States v. Velasquez,* 885 F.2d 1076, 1081–82 (3d Cir.1989) (listing factors relevant to determining voluntariness of consent). Moreover, probable cause existed for the issuance of a warrant to search for the defendants' residence. *United States v.*

*Hodge,* 246 F.3d 301, 305 (3d Cir.2001); *United States v. Whitner,* 219 F.3d 289, 297–98 (3d Cir.2000).

■ 2. Defendants next contend that the prosecution violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to timely notify them of witness Beltran's psychological problems. The evidence did come to light, however, either shortly before the trial began or soon thereafter,[1] and the judge took appropriate steps to ensure that this belated disclosure did not prejudice defendants. He conducted a hearing on the witness's competency, allowed defendants to have an expert examine her, and adjourned the trial for a day to allow defense counsel to further investigate the matter.

In addition, defense counsel vigorously cross-examined the witness on her history as a patient in a mental hospital. There is little doubt that her credibility and reliability were squarely presented to the jury. We therefore conclude that no *Brady* violation occurred. *See United States v. Starusko,* 729 F.2d 256, 262 (3d Cir.1984).

This conclusion, however, should not be understood as implying that we have no concerns over the government's delay in providing the information. We are troubled by the prosecution's failure to notify defense counsel of the witness's history of mental problems in advance of the trial. Ms. Beltran had pleaded guilty some seven months earlier, and the matter of her past mental illness was raised during the colloquy. Thus, there is no doubt that the government was aware of the issue. The eleventh-hour disclosure necessitated a

---

**1.** It is unclear from the record on appeal exactly when defendants discovered this information. The government presented its opening statement and the testimony of its first witnesses to the Jury on December 2, 1999. Defendant Pellot appears to contend that he first learned of Beltran's medical history on this date; defendants Franqui and Santiago state in their brief to this Court that they learned of her mental health problems "in late November of 1999," before trial commenced.

scramble by counsel and a delay in the trial that was entirely avoidable.

We have in the past criticized prosecution delays in producing *Brady* material and advised government attorneys that such conduct is not in accordance with the high standard of professional conduct to which they should indeed, must adhere. *See Starusko,* 729 F.2d at 264–65; *United States v. Kaplan,* 554 F.2d 577, 580–81 (3d Cir.1977).

3. Defendants contend that the instructions to the jury were prejudicial, in that the examples of constructive possession used too closely tracked the facts in this case. We are not persuaded that, in context, the cited portions of the charge were unduly prejudicial to the defendants.

■ 4. Defendants assert that the District Court erroneously computed the amount of drugs in calculating the appropriate Guideline range. Conceding that the 23 kilograms seized from their car were properly considered, the defendants, nonetheless, protest the attribution of an additional 42 kilograms delivered to Luz Beltran by commercial carriers during the relevant time period.

We have recognized the difficulties confronting a sentencing judge in determining the amount of illegal drugs involved in conspiracies such as the one in this case. Only rarely does physical evidence or testimony establish precise amounts of narcotics sold or transported in these operations. Thus, in meeting the standards imposed by the statute and guidelines, the sentencing judge inevitably must rely on estimations.

Here, defendants have not disputed what the investigation revealed—that between February 1998 and their arrest in April 1998, seven boxes of drugs were delivered to Beltran. Based on the weight of two boxes of drugs seized at Airborne Express in August 1998, the District Court adopted a conservative average of six kilograms and applied it to the boxes received by Beltran on earlier occasions. We find no error in that procedure. *See United States v. Gibbs,* 190 F.3d 188, 214–15 (3d Cir.1999); *United States v. Paulino,* 996 F.2d 1541, 1548–49 (3d Cir.1993);U.S.S.G. § 2D1.1 application n. 12.

In sum, we conclude that defendants Franqui and Santiago have failed to establish reversible error and, accordingly, their convictions will be affirmed.

## II.

Defendant Pellot has raised additional allegations of error.

1. He first argues that the District Court should have granted a judgment of acquittal based on insufficient evidence. We find no merit to this contention. Pellot argues that because he was acquitted in one count where the testimony of Luz Beltran was substantial, the jury must have found her testimony in other phases of the case incredible. We reject that argument. There was sufficient evidence to establish Pellot's participation in the conspiracy since its inception.

2. Pellot also raises the same *Brady* issue as did Franqui and Santiago. We need not revisit our discussion of why that contention is unavailing.

3. Pellot also contends that his conviction should be set aside because, based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), 21 U.S.C. § 841 is facially unconstitutional. After the defendant filed his brief, this Court issued an opinion in *United States v. Kelly,* 272 F.3d 622 (3d Cir.2001), in which we concluded, as have a number of other Courts of Appeals, that *Apprendi* does not render section 841 unconstitutional. Accordingly, we reject Pellot's contention on this issue.

■ 4. Pellot argues that the charge to the jury failed to state that the conspirators agreed to distribute and process more than five kilograms of cocaine. Because no objection was raised at trial, the plain error standard applies.

We reject Pellot's contention because the indictment in this case alleged that defendant conspired to deliver more than five kilograms of cocaine. Moreover, in a special interrogatory, the jury found that the government had proved that Pellot was guilty of conspiracy to distribute more than five kilograms of cocaine. In these circumstances, we cannot find plain error.

■ 5. Finally, Pellot argues that the aggravating circumstances that raised his sentence above the statutory minimum of twenty years should have been submitted to the jury in accordance with *Apprendi*.

As we pointed out in *United States v. Vazquez*, 271 F.3d 93 (3d Cir.2001) (en banc), to obtain relief under *Apprendi* using the plain error standard the defendant must not only demonstrate error in the court's failure to submit the question of the amount of drugs to the jury, but must, in addition, demonstrate that his substantial rights have been affected. 271 F.3d at 99. Defendant cannot do so here because, even assuming *Apprendi* applies, the presentence report classified him as a career criminal, subjecting him to 30 years to life imprisonment. Therefore, even if *Apprendi* has validity here, it would not have affected his sentence. We therefore find no reversible error.

Accordingly, the judgment against Pellot, as well as those applicable to Franqui and Santiago, will be affirmed.