

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2002

# USA v. Gomez-Martinez

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4522

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Gomez-Martinez" (2002). *2002 Decisions.* Paper 625.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/625

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-4522

_____

UNITED STATES OF AMERICA

v.

CLAUDIA MARINA GOMEZ-MARTINEZ,

Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 01-cr-00250
District Judge:  The Honorable Franklin S. Van Antwerpen

_____

Submitted Under Third Circuit LAR 34.1(a)
September 26, 2002

_____

Before: BARRY, AMBRO, and GARTH, Circuit Judges

(Opinion Filed:  September 30, 2002)

_____

OPINION

_____


BARRY, Circuit Judge
     Following a jury trial, appellant Claudia Marina Gomez-Martinez was convicted of
one count of conspiracy to distribute cocaine in violation of 21 U.S.C.   846 and one
count of possession with intent to distribute cocaine in violation of 21 U.S.C.   841(a)(1).
She was sentenced to 150 months of imprisonment and five years of supervised release
and ordered to pay a special assessment of $200.  Gomez-Martinez appeals her sentence.
We have jurisdiction pursuant to 18 U.S.C.   3742(a) and 28 U.S.C.   1291 and will
affirm.
     Gomez-Martinez argues that her sentence was imposed in violation of law because
1) the District Court failed to give a particularized statement of reasons for imposing a
sentence at the top of the guideline range, as required by 18 U.S.C.   3553(c)(1); and 2)
the penalty enhancement provisions of the Controlled Substances Act, 21 U.S.C.
841(b)(1)-(2), are facially unconstitutional under Apprendi v. New Jersey, 530 U.S. 466
(2000).  Neither argument was raised before the District Court; therefore, plain error
review applies.  Under plain error review, we may exercise our discretion to correct an
error that is plain and that affects the "substantial rights" of the defendant.  United States
v. Olano, 507 U.S. 725, 732 (1993).

                              I.
     First, Gomez-Martinez contends that the District Court failed to give an adequate
statement of reasons for sentencing her at the top of the guideline range.  18 U.S.C.
3553(c)(1) provides:
     The court, at the time of sentencing, shall state in open court the reasons for
     its imposition of the particular sentence, and, if the sentence

        (1) is of the kind, and within the range, described in subsection (a)(4)
        and that range exceeds 24 months, the reason for imposing a
        sentence at a particular point within the range.

18 U.S.C.  3553(c)(1).
      The District Court followed the statute's mandate.  At the start of the sentencing
hearing, the Court acknowledged that it had read the presentence report and parties'
sentencing memoranda.  The Court then adopted the presentence report's factual findings
and determined that the drugs involved were cocaine and that the total quantity was 9.912
kilograms.  Immediately thereafter, the Court described Gomez-Martinez's involvement
in the drug conspiracy:

      [T]he defendant was right in the middle of this drug transaction, she was
      asked to obtain the drugs and she helped arrange for them.  I believe the
      amount that was discussed was actually in the neighborhood of ten
      kilograms, but she knew the type and amount involved and she was present
      at most of the important stages of this drug deal.

App. at 31a.  After permitting defense counsel, Gomez-Martinez, and the government to
address the court, the District Court imposed a sentence at the top of the guideline range.
In so doing, the Court explained:

        The sentence was imposed at this point in the guidelines because the
      Court believes that it is consistent with the nature of the offense and the
      defendant's history, characteristics, educational, vocational and corrective
      needs as well as the need for deterrence and protection of the public.
        The Court has taken into account all of the evidence here at
      sentencing, the presentence report, the memorandums that have been filed.
      The Court has considered the arguments raised by the defense, the lack of
      prior contact which is correct and the fact that the defendant will be
      deported, which the Court also assumes is correct.
        The Court does commend the defendant for the defendant's efforts in
      prison, taking part in prison programs, but the problem I have here is the
      quantity of drugs involved, which was a large quantity of drugs and the
      defendant's participation in that scheme involving those drugs and the
      danger to society and the need for protection of the public.
        And that is why  after considering all these factors  and the
      combined effect of all of these factors, I've taken into account, that is why I
      have imposed sentence at the higher end of the guidelines.

App. at 35a-36a.  These remarks as well as the District Court's preliminary findings
satisfy  3553(c)(1)'s mandate.  See United States v. Gricco, 277 F.3d 339, 363 (3d Cir.
2002) (holding that the sentencing court's preliminary comments satisfied  3553(c)(1)'s
requirements).

                                    II.
      Second, Gomez-Martinez maintains that the penalty enhancement provisions in 21
U.S.C.   841(b)(1)-(2) are facially unconstitutional under Apprendi v. New Jersey, 530
U.S. 466 (2000).  As she concedes, we rejected this precise argument in United States v.
Kelly, 624 F.3d 622, 624 (3d Cir. 2001).  We cannot disturb that holding here.
      For the foregoing reasons, we will affirm the judgment of the District Court.

TO THE CLERK OF THE COURT:
      Kindly file the foregoing Opinion.

                              /s/ Maryanne T. Barry
                              Circuit Judge