

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-15-2003

# USA v. Parker

Precedential or Non-Precedential: Non-Precedential

Docket 02-1227

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Parker" (2003). *2003 Decisions.* Paper 879.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/879

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 02-1227

————————

UNITED STATES OF AMERICA

v.

NATHANIEL PARKER

Nathaniel Parker, Sr.,
Appellant

————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 00-cr-00315)
District Court Judge:  Honorable Bruce W. Kauffman

————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 20, 2002

Before:  NYGAARD, ALITO and RENDELL, Circuit Judges

(Filed:  January 15, 2003)

————————

OPINION OF THE COURT

————————

RENDELL, Circuit Judge.

Nathaniel Parker appeals his conviction and sentence for twelve counts of

possession with intent to distribute cocaine and marijuana.  Parker raises three issues under

Apprendi v. New Jersey, 530 U.S. 466 (2000), and also claims that the government

encouraged false testimony and violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), by failing to inform him of dealings it had with the government informant who testified at trial. We will affirm.

The District Court had jurisdiction under 18 U.S.C. §3231 (2001), and we exercise jurisdiction pursuant to 28 U.S.C. §1291 (2002). We exercise plenary review over questions of law, including the District Court's interpretation of <u>Apprendi</u>. <u>United States v. Barbosa</u>, 271 F.3d 438, 452 (3d Cir. 2001). Because Parker did not raise the government misconduct arguments at trial, we review his <u>Brady</u> and false testimony challenges for plain error. <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993). Plain error requires an error, that is plain, and that substantially affects Parker's substantial rights. <u>Id.</u>

In February 2000, Parker sold cocaine to Andrew Scott, a government informant, in a videotaped undercover operation. Parker was indicted in a superseding indictment for violations of 21 U.S.C. § 841(a)(1)(2000) (possession with intent to deliver) and 21 U.S.C. § 860(a) (distribution of drugs within 1,000 feet of a school). The indictment provided notice of a prior conviction. In December 2000, a jury found Parker guilty on twelve counts, made specific findings concerning the quantity and type of drugs involved, and found that Parker had two prior felony convictions involving crimes of violence or drugs. These prior convictions qualified Parker as a career offender under U.S.S.G. § 4B1.1 (2000).

Parker's Presentence Investigation Report ("PSR") indicates that the drug quantities involved in his offenses resulted in a base offense level of 30. USSG § 2D1.1c)(5)

2

(2000). The probation officer then added a two-level enhancement because the criminal activity was near a protected location. USSG § 2D1.2(a)(1) (2000). Finally, the probation officer added a four-level enhancement because Parker was a career offender. Parker's offense level as recommended by the PSR was 37, with a criminal history category VI, which carries a guideline range of 360 months to life. Parker sought numerous downward departures. After a hearing, the District Court rejected most of Parker's claims but found that the career offender status significantly overrepresented his criminal history. The Court granted a downward departure of two criminal history categories and five offense levels, resulting in a guideline range of 168-210 months. Parker was sentenced to 180 months on all counts, to be served concurrently.

Parker poses three challenges to his sentence under Apprendi: that he was found to be a career offender without having each of his prior convictions listed in the indictment and submitted to a jury, that enhancements used to increase his sentence were not proven beyond a reasonable doubt, and that section 841 is unconstitutional. Parker's first two Apprendi arguments fail because he was sentenced to 180 months, a sentence well within the statutory maximum of life imprisonment.[1] A sentencing judge "may impose the

_____

[1]Because we decide that Parker's first two Apprendi challenges fail on the grounds that his sentence fell within the statutory maximum, it is unnecessary for us to address his argument that his prior convictions ought to have been included in the indictment and submitted to the jury. We note, however, that the government filed an information to establish prior convictions, Docket No. 48, and that the District Court appears to have submitted the question of prior convictions to the jury. Furthermore, although Parker questions the continuing validity of the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224, 228-35 (1998), in which the Court held that prior commission

3

minimum, the maximum, or any other sentence within the range without seeking further authorization from [the jury] – and without contradicting Apprendi." Harris v. United States, 122 S. Ct. 2406, 2418 (2002). Parker's constitutionality argument also fails because we have already squarely rejected the contention that section 841 is unconstitutional in light of Apprendi. United States v. Kelly, 272 F.3d 622, 624 (3d Cir. 2001).

Parker's claims of government misconduct also fail. Parker alleges that Scott's testimony identifying Parker as the drug supplier should have been excluded because the government "knew it was a lie." However, Parker's allegations are mere conjectures based on Scott's attempt at trial to recant his prior statements identifying Parker as the drug supplier. And, Scott's recantation as to Parker's role is plainly contradicted by the police surveillance tape. Further, in the end, Scott admitted that Parker was the supplier. Scott waivered because he was afraid that Parker would know he was the one who set him up, not because the government told him to lie. One could conclude that any lies Scott told were his own.

---

of a crime is a sentencing factor that need not be alleged in an indictment, whatever its eventual fate, Almendarez-Torres remains binding precedent and forecloses this challenge. Acknowledging the dicta in Apprendi contemplating an eventual reversal of Almendarez-Torres does not permit this court to treat that reversal as a fait accompli. See, e.g., United States v. Martinez-Villalva, 232 F.3d 1329, 1332 (10th Cir. 2000) (holding that because "the Apprendi Court specifically declined to revisit or overrule Almendarez-Torres . . . [w]e are bound by that case to hold that the fact of defendant's prior felony conviction is not an element of the offense with which he [need be] charged by indictment, but is, instead, a sentencing factor").

Parker also alleges that the government failed to disclose the full extent of any benefits the government had promised Scott in return for testifying. This allegation is based on nothing more than Parker's belief that Scott "must have had some deal on the table." At trial, the government provided detailed information on financial benefits that Scott received. Furthermore, Parker was given a full opportunity to cross-examine Scott on this matter. We find no <u>Brady</u> violation nor any prejudice.

For the foregoing reasons, we will affirm the judgment of the District Court.

_____

TO THE CLERK OF COURT:

Please file the foregoing opinion.

　　　　　　　　　　　　　　　　　　　　　　　/s/　Marjorie O. Rendell
Circuit Judge