

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-18-2005

# USA v. Ramirez-Elias

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3724

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Ramirez-Elias" (2005). *2005 Decisions.* Paper 1348.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1348

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 03-3724/3725

———————

UNITED STATES OF AMERICA

v.

ADRIAN RAMIREZ-ELIAS,

Appellant (No. 03-3724)


UNITED STATES OF AMERICA

v.

MANUEL RAMIREZ-MEZA,

Appellant (No. 03-3725)


———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

(Dist Court Nos. 02-CR-173-06 and 02-CR-173-04)
District Court Judge: Hon. Bruce W. Kaufman

———————

Submitted Under Third Circuit LAR 34.1(a)
September 15, 2004

Before: ALITO, AMBRO, and FISHER, <u>Circuit Judges</u>.

(Opinion Filed: April 18, 2005)

———————————

OPINION OF THE COURT

———————————

PER CURIAM:

This is a direct appeal in a criminal case. Adrian Ramirez-Elias pled guilty to two counts involving a conspiracy to possess and distribute over 1,000 kilograms of marijuana and was sentenced to the mandatory minimum sentence of 10 years for each crime.

Prior to sentencing, Ramirez-Elias argued that the penalty provision of the statute under which he was to be sentenced, 21 U.S.C. § 841(b)(1)(A), was unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000), because the statute requires a judge to determine the amount of narcotics in question, whereas Apprendi states a constitutional requirement that the jury determine this amount. Our opinion in United States v. Kelly, 272 F.3d 622 (3d Cir. 2001),[1] has foreclosed this argument in this Circuit. See also United States v. Pray, 373 F.3d 358, 360 n.1 (3d Cir. 2004); United States v. Chorin, 322 F.3d 274, 282 fn. 4 (3d Cir. 2003). The Supreme Court's recent decision in United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005), does not change this result. See, e.g., United States v. Collins, 2005 WL 476912 (4th Cir. Mar. 02, 2005) (reaffirming post-Booker that § 841 is constitutional under Apprendi).

———————————

[1] We see no conflict between Kelly and United States v. Barbosa, 271 F.3d 438 (3d Cir. 2001), or any other decision of our Court cited by Ramirez-Elias.

Ramirez-Elias was sentenced pursuant to the United States Sentencing Guidelines. Having determined that issues with respect to <u>Booker</u> are best determined by the District Court in the first instance, we vacate the sentence and remand for resentencing in accordance with that opinion.