

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2006

# USA v. Hart

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2192

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Hart" (2006). *2006 Decisions.* Paper 614.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/614

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNTIED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-2192

UNITED STATES OF AMERICA

v.

JAVIER HART,
Appellant

Appeal from the Untied States District Court
for the Eastern District of Pennsylvania
District Court No: 03-cr-00827

District Judge: Mary A. McLaughlin

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 14, 2006

Before: SLOVITER, McKEE and RENDELL, Circuit Judges

OPINION

McKEE, Circuit Judge

    Javier Hart appeals from the judgment of conviction that was entered after a jury

convicted him of several charges related to his distribution of "crack" cocaine. For the reasons that follow, we will affirm.

## I. .

Since we are writing primarily for the parties who are familiar with this dispute, we need only set forth the procedural or factual background of this appeal. We review the district court's findings of fact during the suppression hearing for clear error. Our review of the court's application of legal principles is plenary. *United States v. Perez*, 280 F.3d 318, 386 (3d Cir. 2002); *United States v. Nolan- Cooper*, 155 F.3d 221, 229 (3d Cir. 1998).

Hart first claims that the district court erred in denying his motion to suppress evidence obtained from 7012 Emerson Avenue, in Upper Darby. We reject that claim substantially for the reasons set forth by the district court in its well reasoned and detailed Memorandum and Order, dated October 18, 2004. The district court agreed that there was no probable cause to search that residence, but allowed the physical evidence that was seized to be introduced at trial pursuant to the "good faith exception" first announced in *United States v. Leon*, 468 U.S.897 (1884). Accordingly, our inquiry is limited to determining whether it was objectively reasonable for the police officers executing that search to rely upon the authority of the search warrant. *United States v. Ninety-two Thousand Four Hundred Twenty-two*, *Dollars and Fifty-Seven Cents*, 307 F.3d 137 (3d Cir. 2002). The district court explains why the conduct of those officers was objectively

2

reasonable even though probable cause did not exist to search 7012 Emerson Avenue. Moreover, although the warrant was not supported by probable cause, it was not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.*, at 146. Accordingly, the district court did not err in concluding that the officers acted in good faith in searching that residence, and the evidence they seized was properly admitted at trial.

## II

Hart also argues that the district court erred in denying his motion to strike the amended information the government filed before trial charging several prior drug offenses pursuant to 21 U.S.C. § 851. That filing subjected him to a mandatory minimum sentence of life imprisonment under 21 U.S.C. § 841 (b)(1)(A). Hart claims that the government filed the amended information to punish him for asserting his constitutional right to go to trial and refusing to plead guilty. However, the government argues without contradiction that it initially filed an information containing only one prior felony drug offense because that was part of the plea agreement Hart initially agreed to accept. *See* Appellee's Br. at 35. Pursuant to those plea negotiations, the government had agreed to rely upon only one of Hart's prior felony drug offenses thereby reducing his exposure to a mandatory minimum sentence of 25 years imprisonment rather than the mandatory minimum of life imprisonment that would otherwise have applied. *See* 21 U.S.C. §§ 841(b)(1)(A) and 924(c).

3

In an analogous context, the Supreme Court has explained: "[s]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charges to file or bring before a jury, generally rests in his[/her] discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Accordingly, we reject Hart's attempt to argue that the timing of the filing of the amended notice somehow suggests the prosecutor's bad faith. It suggests only that Hart lost one of the advantages a negotiated plea would have given him. "While confronting a defendant with the risk of more severe punishment clearly may have a discouraging effect on the defendant's assertion of his trial rights, . . . the imposition of these difficult choices [is] an inevitable--and permissible--attribute of any legitimate system which tolerates and encourages the negotiation of pleas." *United States v. Hodge*, 412 F.3d 470 (3d. Cir. 2005) (internal quotation marks omitted, brackets in original).

### III.

Hart also claims 21 U.S.C. § 841 is facially unconstitutional. However, as Hart himself recognizes, that claim is foreclosed by our holding in *United States v. Kelly*, 272 F.3d 622 (3d Cir. 2001). Similarly, Hart's argument that the prior offenses used to enhance his sentence must be established by a jury based upon proof beyond a reasonable doubt following the decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005) is also foreclosed by our jurisprudence. *See*

4

*United States v. Ordaz*, 398 F.3d 236 (3d. Cir. 2005).[*]

## IV.

For all the above reasons, we will affirm the judgment of sentence.

---

[*] We recognize that Hart's arguments are partly intended merely to preserve his *Booker* argument in the event that the Supreme Court overrules its decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).